## McDERMOTT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8876.

United States Court of Appeals
District of Columbia

Argued March 13, 1945.

Decided June 18, 1945.

Mr. Edgar Turlington, of Washington, D. C., with whom Mr. Charles B. McInnis, Mr. Ernest M. Callomon, and Mrs. Irene Kennedy, all of Washington, D. C., were on the brief, for petitioner.

Mr. Morton K. Rothschild, Special Assistant to the Attorney General, with whom Assistant Attorney General Samuel O. Clark, Jr., and Messrs. Sewell Key, Special Assistant to the Attorney General, and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., were on the brief, for respondent.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

The American Bar Association awarded its Ross Essay Prize for 1939, in the sum of $3000, to the petitioner. The Commissioner of Internal Revenue ruled that the prize was taxable to the petitioner as income and the Tax Court of the United States sustained the Commissioner. The petitioner brought the case here for review.

Erskine M. Ross, a retired federal judge, died at his home in California in 1928. His will contained the following clause: "11th: I give, devise and bequeath out of my said estate to the American Bar Association the sum of $100,000 to be by it safely invested, the annual income of which to be offered and paid as a prize for the best discussion of a subject to be by it suggested for discussion at its preceding annual meeting." On the application of the American Bar Association the Superior Court of Los Angeles County construed this clause during the early part of 1939, only a few months before the Association awarded the prize for that year to the present petitioner. The Superior Court ruled in substance, among other things, that the Association as trustee had authority (1) to determine what class of persons might compete for the Ross prize;

(2) to defray, from the income of the trust fund, the expenses of supervising and judging the competitions and also the expenses of printing the winning essays; (3) in any given year, to expend less than the entire income for that year, and to carry over unexpended portions of the income from year to year; and (4) in any given year, to expend more than the entire current and accumulated income and to defray the resulting deficit in the principal from the income for the following year. The Superior Court also found that the American Bar Association had "generally the power to handle and administer the trust created by said bequest as in the judgment and discretion of the American Bar Association may be right and proper."

During the first five years after the death of Judge Ross the Association made no award. It awarded prizes in 1934 and in later years. It has "chosen topics of timely public interest with a view to bringing about a scholarly consideration thereof and to the promoting of the public welfare thereby." For the year 1939 it announced a prize of $3000 to be awarded for the best essay on the subject "To What Extent Should Decisions of Administrative Tribunals be Reviewable by the Courts?" It is stipulated that the Association made this announcement pursuant to Clause 11 of the will as construed by the Superior Court. Clause 11 requires that the subject for discussion be "suggested" at the preceding annual meeting of the Association. Petitioner, a professor of law at Duke University, submitted the essay which the judges chosen by the Association considered the best. Accordingly, at the annual meeting of the Association in San Francisco on July 13, 1939, petitioner was "awarded * * * the prize", which was a check for $3000, and a certificate, "for the best discussion of the subject selected."

The Tax Court rightly[1] undertook to follow the Superior Court's construction of the will, but we think it failed to do so. It found that petitioner "was the person selected to receive the income for the year 1939. Hence, he was the ascertained income beneficiary of the trust for that year and the moneys which he received were necessarily distributable to him as such * * *. The money paid was income from Ross' $100,000 testamentary gift in trust * * *. Petitioner received $3,000 of the

income of the trust in the year involved as a duly designated distributee thereof and accordingly we hold that he is taxable thereon. It is enough to support the taxation of the $3,000 in petitioner's hands that the $3,000 was trust income and was received by him as such."

The record shows that petitioner received a prize of $3000 from the Association in 1939, in accordance with the Ross will as construed by the Superior Court. But we see no support in the record for the further findings which we have just quoted. Apparently the prize was announced in 1938. It was awarded in July 1939. Its amount was actually independent of the amount of the trust income during the intervening year, since the one was fixed before the other could be certainly known. Its amount was also legally independent of the amount of the trust income during the year, since the Ross will as construed by the Superior Court authorized the trustee to make the award out of past income or anticipated future income. Therefore neither the fact that $3000 was offered nor the fact that $3000 was awarded is evidence that the trust had an income of $3000, or that it had any income, either in 1938 or in 1939. The record is entirely consistent with either of the following hypotheses, among many others: (1) that the fund earned nothing during either 1938 or 1939, and the trustee provided the prize and the expenses of the competition from income accumulated in previous years; or (2) that the fund earned nothing during either 1938 or 1939 and had no accumulation of income from previous years, and the trustee provided the prize and expenses from the principal of the trust fund in anticipation of being able to make good the deficit in principal out of income to be earned in 1940. Either course would have been in accordance with the will as construed by the Superior Court. Accordingly the record does not show whether the award to petitioner was in fact made out of current income, accumulated income or other funds.

Moreover we think the record does show that it is immaterial whether the award was made out of income or other funds. In the first place, only *current* income of a trust is taxable to a beneficiary.[2] But even if the award to petitioner were shown to have been made out

[1] Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L. Ed. 465.

[2] Internal Revenue Code, §§ 162 (b), 162 (c), 26 U.S.C.A.Int.Rev.Code, § 162 (b, c).

of *current* income of the trust it would not follow that the award was part of petitioner's income; for two reasons. (1) Only trust income which, as in the Gavit and Beatty cases,[3] accrues to a beneficiary because it is trust income is taxable to the beneficiary *for the same reason*. A sum which accrues to a beneficiary whether or not the trust has any income is not taxable to the beneficiary merely because it is "primarily" payable, and is in fact paid, out of income of the trust.[4] And under the Ross will as construed by the California court the petitioner's receipt of the award was wholly independent of the question whether and when the trust had income. It follows that petitioner's tax liability, if any, is likewise independent of that question. (2) We think the principle of the Gavit and Beatty cases [5] would not be applicable even to amounts *payable only from income*, by an educational or other charitable trust like the Bar Association, to a beneficiary not named in the trust instrument. In the Gavit case, quarterly payments of trust income which were to last for 15 years, to a named beneficiary, were held to be her "income by the common understanding of that word." In the Beatty case, semi-annual payments of trust income during the life of the named beneficiary were held to be his income. In such cases, as the Court pointed out in the Gavit case, the testator in effect gives to the beneficiary an interest in the trust fund. On the other hand Judge Ross, who did not mention the petitioner and may never have heard of him, gave him no sort of interest in the trust fund. As the brief for petitioner points out, "there was not in the present case, as there was in the Gavit and Beatty cases, a continuous flow of trust income to the beneficiary through the trustee as a conduit." If a trust instrument should direct the trustee to make gifts out of income, in his discretion, to unnamed scholars, it would hardly be contended that the man selected by the trustee to receive a particular gift in a particular year would have to pay an income tax

on it. If a trust instrument directs the trustee to make gifts out of income, in his discretion, to the unnamed authors of prize-winning essays, these gifts stand on the same footing. Trust income which is to be used exclusively for charitable or educational purposes is specifically exempted from taxation even to the trustee.[6] To tax it to a beneficiary who receives it as a gift from the trustee would defeat the plain purpose of that exemption. It would also defeat both the purpose and the letter of § 22 (b) (3) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(b) (3), which excludes from gross income "the value of property acquired by gift." A single gift is not income to the donee merely because it is expressly made out of the income of the donor.[7]

■ Petitioner's tax liability, if any, depends directly upon whether the award was part of his "gross income" within the meaning of § 22 (a) of the Internal Revenue Code in force in 1939, which included "gains, profits, and income * * * from professions * * * or * * * from any source whatever," or whether on the other hand the award was a "gift" within the meaning of § 22 (b) (3). If the American Bar Association in carrying out the wishes of Judge Ross paid petitioner $3000 for services, the amount was taxable to petitioner, but if it gave petitioner $3000 the amount was not taxable. The Tax Court found, apparently on the basis of findings which we have discussed, that the award was not a gift from the trustee. We think this was erroneous.[8]

We think the following circumstances taken together require the conclusion that the award was a gift and not income within the meaning of the statute. (1) No one not talking law would be likely to say that the Association paid petitioner $3000 for writing an essay or that it paid $3000 for the essay which petitioner wrote. In plain English the Association gave petitioner the prize. The Rhode Island court used words in their ordinary sense when it said

---

[3] Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897; Heiner v. Beatty, 3 Cir., 17 F.2d 743, affirmed 276 U.S. 598, 48 S.Ct. 319, 72 L.Ed. 723.

[4] Burnet v. Whitehouse, 283 U.S. 148, 150, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L. R. 1534.

[5] Supra note 3.

[6] Internal Revenue Code, §§ 101 (6), 162 (a), 26 U.S.C.A.Int.Rev.Code, §§ 101 (6), 162(a).

[7] The 1942 amendment of § 22 (b) (3), 56 Stat. 809, which subjects a "gift * * * of income" to taxation, is not involved in this case.

[8] Cf. Helvering v. American Dental Co., 318 U.S. 322, 63 S.Ct. 577, 87 L.Ed. 785. The Tax Court's application of statutory words to facts is reviewable. Trust u/w Mary Bingham v. Com'r of Internal Revenue, 65 S.Ct. 1232.

of a trust to award prizes for "the best works produced during the year" by Rhode Island artists: "The purpose of the prizes is not simply to give a little money every year to the successful artists, but also to arouse the ambition of Rhode Island artists everywhere, and incite their best endeavors."[9] (2) The purpose of Judge Ross and the American Bar Association in creating and administering the Ross prize was likewise to "give" and to "incite," not to employ or buy. (3) Money may be a gift in law as well as purpose although services are or have been rendered by the donee.[10] (4) Whatever services petitioner rendered were not rendered to the trustee. The American Bar Association neither derived nor sought any profit from the contest or from petitioner's participation in it. On the contrary the entire undertaking was an expense to the trust; the entire advantage accrued to petitioner and the community. This among other things distinguishes the Ross prize from puzzles, guessing contests and publishers' contests operated for commercial purposes. Petitioner received "financial advantages gratuitously."[11] (5) An important characteristic of gifts is that, unlike many sorts of "income," they cannot be counted upon in advance and may never recur. The Ross prize has this characteristic. It is therefore within the policy which exempts gifts of principal from taxation as income. (6) It is safe to say that the dominant motive of a normal contestant for this prize is not a hope of immediate financial gain. He does not regard himself as exchanging his services or his product for money. To one whose life is devoted to scholarship and whose position is affected by his scholarly output, the publication of an outstanding essay is its own reward and may lead to other rewards both tangible and intangible. No doubt the contest provides an added motive which may direct and more or less increase a scholar's effort, but this added motive is more a matter of prestige than of money. (7) The Commissioner does not say that taxes have ever been collected on Nobel prizes, Guggenheim fellowships, Rhodes scholarships, Ross prizes, or any of the many scholarships and prizes which, like these, have long been awarded on a competitive basis to scientists, scholars, or students. We think we may infer that the practice has been to the contrary. This long-continued administrative interpretation of the law is entitled to great weight. (8) Finally, requiring winners of scholarly awards to pay taxes on them would conflict with the wise and settled policy of encouraging scholarly work.

Reversed.

GRONER, C. J. (dissenting).

I regret that I am unable to concur with the Court in its conclusion in this case. I am of opinion that the award to petitioner, properly classified, was compensation, and hence income within the meaning of the tax statutes.

---

[9] Almy v. Jones, 17 R.I. 265, 21 A. 616, 617, 618, 12 L.R.A. 414.

[10] United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547; Bogardus v. Commissioner of Internal Revenue, 302 U.S. 34, 39, 58 S.Ct. 61, 82 L.Ed. 32, 39; Edwards v. Cuba Railroad Co., 268 U.S. 628, 45 S.Ct. 614, 69 L.Ed. 1124.

[11] Helvering v. American Dental Co., 318 U.S. 322, 330, 63 S.Ct. 577, 87 L. Ed. 785.