## ROBERTSON v. UNITED STATES.

Civ. A. No. 1558.

United States District Court
D. Utah.

Aug. 28, 1950.

S. E. Blackham, Clyde D. Sandgren, Provo, Utah, for plaintiff.

Bryant H. Croft, Asst. U. S. Atty., Salt Lake City, Utah, for defendant.

RITTER, District Judge.

### Findings of Fact

1. Plaintiff now is and was at all times hereinafter mentioned a resident of the State of Utah. That he is a taxpayer within the Internal Revenue District of the State of Utah.

2. The plaintiff is by profession a musician and composer, and at the present time is Professor of Music at the University of Utah. That during the year 1947 and for many years prior thereto he was similarly employed at the Brigham Young University, Provo, Utah.

3. During plaintiff's career in his profession he has composed many musical compositions, it having been his habit and custom upon the completion of one such composition to file it away and shortly thereafter commence another work. He completed a composition in the summer of 1936 and during the late summer or early fall of that year commenced work on a symphony which was to be called "Trilogy". He continued work on this latter composition in his spare time during the remainder of the year 1936 and through the years 1937, 1938 and 1939 and completed the work during the latter part of December, 1939. Upon completion of this work it was also filed away by the plaintiff.

4. In the year 1945 Mr. Henry H. Reichhold, an industrialist and apparently one of the important philanthropists of this country, and who was also president of the Detroit Symphony Orchestra, offered three awards of $25,000.00, $5,000.00 and $2,500.00, respectively, for the best symphonic works written by native-born composers of North, Central and South America. The purpose, terms, and conditions of the award are set forth in plaintiff's Exhibits No. 1 and 2, which by reference are made a part hereof. The broad purposes underlying the award are set forth on the title page of Exhibit No. 1 as follows:

"The belief that good music is a force which bridges the distances and differences between the people of various nations has moved us to establish a contest among the composers of the western hemisphere with the object of searching out the most meritorious new work for full symphony orchestra by a native composer of the Americas.

"It is the plan of the Reichhold Music Award Committee first to sponsor preliminary contests in each of the twenty-one Pan American countries, including Canada. The winning compositions of these national series will then be entered in the Competition for the grand prizes. The world premiere of those works receiving the grand prize is scheduled to be played by the Detroit Symphony Orchestra, conducted by Karl Krueger.

"The broad purpose underlying this contest is the furtherance of a spirit of understanding and unity among the Nations; and also to be helpful in bringing to the public the most important new music written in the Americas."

5. After announcement of the contest the plaintiff was urged to enter his composition "Trilogy" but he did not do so as the original announcement (Exhibit 1) required that "parts must accompany each score". Plaintiff had had trouble with his eyes and felt that they would not stand the strain that would be entailed in writing the

parts. However, when the "Amendments to the Reichhold Music Award Contest Rules" (Exhibit 2) deleted the requirement that parts must accompany the score plaintiff decided to enter his composition and did so on or about February 18, 1946, by filing an official entry blank, a copy of which, as executed by the plaintiff is part of Plaintiff's Exhibit 1 attached hereto.

6. The composition entered by the plaintiff was selected by the award committee, set up by Mr. Reichhold, as the best composition submitted and the plaintiff was presented by Mr. Reichhold the award of $25,000.00 on December 14, 1947.

7. The plaintiff, LeRoy J. Robertson, did not produce the composition "Trilogy" for the purpose of entering it in any contest neither for the purpose of selling it to Mr. Reichhold or to anybody else nor to produce income. It was the inspiration of an artist, his desire to do this creative work and was motivated dominantly and primarily for reasons other than monetary. On the other hand, Mr. Reichhold's purpose in announcing the contest and making the awards was to "give"—not to employ or to buy or sell and the award made to the plaintiff was not in exchange for the right to capitalize on his opus. The composition remained and remains the property of the plaintiff and he merely granted to the Detroit Symphony Orchestra synchronization rights as applied to motion pictures, etc.; the right to first performance and the right to designate the publisher of the composition.

8. On or about the 5th day of February, 1948, the said plaintiff filed with the Collector of Internal Revenue for the District of Utah at Salt Lake City, Utah, an income tax return for the calendar year 1947, in which he reported total income $29,676.89, total deductions of $4,721.99, and a net income of $24,954.90. That included in gross income was the following, "Henry H. Reichhold— music award $25,000.00". That plaintiff paid the tax of $1,121.56 shown to be due on said return, as follows: $161.58 by withholding from salary and $959.98 by check dated January 15, 1948, which check was deposited by the said collector on January 22, 1948.

9. Attached to the aforesaid return of the plaintiff was the following statement, to-wit:

"In the year 1945 Mr. Henry H. Reichhold announced a contest in which he would award a prize of $25,000.00 to the person submitting the best symphonic composition to be determined by the Reichhold music award committee. The broad purpose underlying this contest, in the words of the donor, 'is the furtherance of a spirit of understanding and unity among the nations; and also to be helpful in bringing to the public the most important new music written in America.'

"The taxpayer, LeRoy J. Robertson during the years 1936, 1937, 1938 and 1939 had worked on the composition of a symphony entitled 'Trilogy' and had completed it in the latter part of December, 1939. This composition was entered in the contest by the taxpayer, was selected by the award committee as the best composition submitted and the taxpayer was presented by Mr. Reichhold the award of $25,000.00 on December 14, 1947.

"The taxpayer has submitted the facts in connection with this award to the Commissioner of Internal Revenue for a ruling as to the taxability thereof, and by letter dated January 8, 1948, the said Commissioner ruled that the entire award was taxable.

"The taxpayer believes that the Commissioner's ruling is in error on the basis of the decision of the Circuit Court of Appeals for the District of Columbia, in McDermott v. Commissioner [of Internal Revenue, 80 U.S.App.D.C. 176], 150 F.2d 585, and other rulings and decisions and intends to submit the matter further to the Commissioner on claim for refund or otherwise.

"Assuming but not admitting the Commissioner's ruling to be correct, the taxpayer claims the benefits of Section 107 Internal Revenue Code [26 U.S.C.A. § 107] and has computed the tax as though the said $25,000 had been received ratably during the last 36 months in which he was engaged in composing the symphony, or during the years 1937, 1938, and 1939. This computation shows a total tax for said

years of $1,121.56, as follows:" [Computation omitted.]

10. On the 16th day of February, 1948, the plaintiff filed Claim for Refund of the said $1,121.56 with the said Collector of Internal Revenue for the District of Utah alleging that the Claim should be allowed for the following reasons:

"In the year 1945 Mr. Henry H. Reichhold announced a contest in which he would award a prize of $25,000.00 to the person submitting the best symphonic composition to be determined by the Reichhold music award committee. The broad purpose underlying this contest, in the words of the donor, 'is the furtherance of a spirit of understanding and unity among the nations; and also to be helpful in bringing to the public the most important new music written in America.'

"The taxpayer, LeRoy J. Robertson during the years 1936, 1937, 1938 and 1939, had worked on the composition of a symphony entitled 'Trilogy' and had completed it in the latter part of December, 1939. This composition was entered in the contest by the taxpayer, was selected by the award committee as the best composition submitted and the taxpayer was presented by Mr. Reichhold the award of $25,-000 on December 14, 1947.

"Neither Mr. Reichhold, the music award committee nor the Detroit Symphony Orchestra derived any profit from the contest or from the taxpayer's participation in it. The purpose as shown by the quotation in the first paragraph hereof, was to give, not to employ. This fact *inter alia* distinguishes the award made to the taxpayer from prizes offered in contests operated for commercial purposes.

"The award was not given by the donor to the taxpayer in exchange for the right to capitalize on his opus. The composition remained and remains the property of the taxpayer and he merely granted to the Detroit Symphony Orchestra synchronization rights as applied to motion pictures etc., the right to first performance and the right to designate the publisher of the composition.

"The taxpayer's dominant motive in composing the 'Trilogy' was not in the hope of financial gain primarily. Like a great poet who is inspired to write an immortal poem, the taxpayer, desiring to make an outstanding contribution to the field of music, wrote this 'Trilogy' with no thought of entering it in a contest or otherwise commercializing on it and not until long after it was written was he prevailed upon to enter it in the Reichhold contest and received eventually the prize-winning award.

"Under the decisions in McDermott v. Commissioner [of Internal Revenue, 80 U.S.App.D.C. 176], 150 F.2d 585 and Pauline C. Washburn, 5 T.C. 1333 the award received by the taxpayer does not constitute taxable income to him."

11. On or about October 24, 1949, the Commissioner of Internal Revenue assessed deficiency tax against this plaintiff for the year 1947 in the amount of $4,605.55, plus accrued interest of $444.34 or a total sum of $5,049.89. This tax and interest was paid to the Collector of Internal Revenue, Salt Lake City, Utah, on the 7th day of November, 1949.

12. The principal cause of the above mentioned deficiency was the taxing of the aforesaid award of $25,000 at the rates prevalent for the 36 months ending December 31, 1947, rather than at the rates used for the 36 months ending December 31, 1939, as shown on the return.

13. On the 22nd day of November, 1949, the plaintiff filed an amended and supplemental claim for refund of $6,171.45 with the Collector of Internal Revenue for the District of Utah, alleging that the claim should be allowed for the following reasons:

"In the year 1945 Mr. Henry H. Reichhold announced a contest in which he would award a prize of $25,000 to the person submitting the best symphonic composition to be determined by the Reichhold music award committee. The broad purpose underlying this contest, in the words of the donor, is the furtherance of a spirit of understanding and unity among the nations; and also to be helpful in bringing to the public the most important new music written in America.'

"The taxpayer, LeRoy J. Robertson during the years 1936, 1937, 1938 and 1939, had worked on the composition of a symphony entitled 'Trilogy' and had completed it in the latter part of December, 1939. This composition was entered in the contest by the taxpayer, was selected by the award committee as the best composition submitted and the taxpayer was presented by Mr. Reichhold the award of $25,000 on December 14, 1947.

"Neither Mr. Reichhold, the music award committee nor the Detroit Symphony Orchestra derived any profit from the contest or from the taxpayer's participation in it. The purpose as shown by the quotation in the first paragraph hereof, was to give, not to employ. This fact *inter alia* distinguishes the award made to the taxpayer from prizes offered in contests operated for commercial purposes.

"The award was not given by the donor to the taxpayer in exchange for the right to capitalize on his opus. The composition remained and remains the property of the taxpayer and he merely granted to the Detroit Symphony Orchestra synchronization rights as applied to motion pictures etc., the right to first performance and the right to designate the publisher of the composition.

"The taxpayer's dominant motive in composing the 'Trilogy' was not in the hope of financial gain primarily. Like a great poet who is inspired to write an immortal poem, the taxpayer, desiring to make an outstanding contribution to the field of music, wrote this 'Trilogy' with no thought of entering it in a contest or otherwise commercializing on it and not until long after it was written was he prevailed upon to enter it in the Reichhold contest and received eventually the prize-winning award.

"Under the decision in McDermott v. Commissioner [of Internal Revenue, 80 U.S.App.D.C. 176], 150 F.2d 585 and Pauline C. Washburn, 5 T.C. 1333 the award received by the taxpayer does not constitute taxable income to him.

"If any part of the said $25,000 constitutes taxable income to the taxpayer, the Commissioner has erroneously computed the amount of tax under Section 107 of the Internal Revenue Code and Section 29.107-2 of Regulations 111 by computing said tax as though the sum received was attributable to the years 1945, 1946 and 1947 rather than to the period preceding the taxable year in which the work on the composition was performed, to-wit: the years 1937, 1938 and 1939."

14. That more than six months have elapsed since filing of said amended and supplemental claim for refund; that the Commissioner of Internal Revenue has not rendered a decision on said claim.

### Conclusions of Law

That the award of $25,000 to the plaintiff by Henry H. Reichhold in the taxable year constituted a gift and is not includible in plaintiff's income for the year 1947 or any other year, by virtue of the provisions of Section 22(b) (3) of the Internal Revenue Code, 26 U.S.C.A. § 22(b) (3).

That the plaintiff is entitled to recover of and from the defendant the sum of $6,171.45 together with interest according to law.