**Hobart M. GRIGGS and Gladys B. Griggs**

**v.**

**The UNITED STATES.**

**No. 72–59.**

United States Court of Claims.

March 6, 1963.

Rehearing Denied June 7, 1963.

---◆---

William J. Holliman, Washington, D. C., for plaintiffs.

Theodore D. Peyser, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant. Ed-

ward S. Smith and Lyle M. Turner, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and WHITAKER, LARAMORE, DURFEE and DAVIS, Judges.

JONES, Chief Judge.

The issue in this case is whether an award made to a Government employee under the Incentive Awards Act should be taxed as income. The question turns on whether the prize money is excluded from the plaintiffs' gross income by the provisions of section 74(b) of the Internal Revenue Code (26 U.S.C. § 74 (1958 ed.)).

By the terms of the Internal Revenue Code [1] all income from whatever source derived is taxable unless it comes within specific statutory exceptions.

Section 74(b) sets out the conditions which must be met in order to bring prizes and awards within the exceptions. The paragraph is as follows:

"§ 74(b) Exception.—Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if—

"(1) the recipient was selected without any action on his part to enter the contest or proceeding; and

"(2) the recipient is not required to render substantial future services as a condition to receiving the prize or award."

The plaintiffs reported the prize, paid income tax thereon, filed timely claim for refund which was denied, and bring this action to recover the amount of taxes paid on the prize.

The Government Employees' Incentive Awards Act was approved September 1, 1954, 68 Stat. 1105, 1113, 5 U.S.C. § 2123 (1958 ed.). Section 304 of the Act in substance authorizes the head of each department to pay cash awards

---

1. 26 U.S.C. § 61(a) (1958 ed.).

and to pay necessary expenses for the recognition of civilian officers and employees of the Government who by their suggestions, inventions, superior accomplishments, or other personal efforts contribute to the efficiency, economy, or other improvement of Government operations, or who perform special acts in the public interest in connection with or related to their official employment. It also provides that the cash award shall be in addition to the regular compensation of the recipient.

Plaintiff Hobart M. Griggs was employed by the Department of Defense as a specialist in the field of transportation and freight rates. For several years prior to his retirement in 1957, that is between 1952 and 1957, he was a supervisor in a division of the Navy Department and was responsible for negotiating freight rates. In 1953, he and a fellow employee named Dennis Mitchell submitted to the Department a formula intended to be applicable on a nationwide basis and pertaining specifically to the transportation of rockets, rocket motors, projectiles, and projectile parts. Initially, the formula was rejected because the Assistant Secretary felt that, it could not be negotiated with the railroads.

Plaintiff was, however, permitted to continue his efforts, and during the years 1953 and 1954 the taxpayer and Mitchell working together completed a study of iron and steel freight rates. They worked on the formula during their regular working hours in the Department of the Navy and in addition spent an undisclosed number of hours of their own time working on this project.

They then presented charts, exhibits and statistics and the formula was approved. The taxpayer was then assigned the task of negotiating the formula with the railroads. Most of the negotiations were during his regular working hours. The taxpayer was successful in convincing the railroads of the reasonableness of the rate formula and by the end of June 1955 all of the railroads concerned put the formula into effect.

The plan made it unnecessary for rate negotiations in connection with the shipment of rockets and projectiles and resulted in a saving by the Department of Defense of several million dollars in 1955, and the indications were that there would be increased savings for the following year.

In recognition of this outstanding achievement the Department of Defense made cash awards to the taxpayer in the total amount of $7,968.75 and to his fellow worker, Mitchell, in the sum of $2,656.25.

In order to recover, plaintiffs must bring themselves within the exception set out in paragraph (b) of section 74 quoted above. We do not believe that this award is within the statutory exception.

It will be noted that prizes and awards generally are subject to the income tax. The plaintiffs say that it is either a scientific or civic award and therefore falls within the exception.

In the first place it is in reality compensation for special services rendered. It is true that the word scientific is a rather broad term. But it is used more often in connection with natural science, e. g., "biology as a science;" or "the science of astronomy, or of mind;" "a study of nature's mysteries;" "profound or philosophical knowledge." The quotations are from dictionary definitions. While we recognize that such definitions are not conclusive as to legal interpretations, they certainly indicate the meaning of such terms as normally used.

We think plaintiff's accomplishment was of a technical rather than a scientific nature. It is true that the two terms overlap and are sometimes loosely used interchangeably and the dividing line is not always completely clear. But when the nature of the work and all the facts and circumstances are considered in connection with the wording of the statute and regulations issued pursuant thereto, it seems rather clear that it was not the intention of the Congress to exempt this

type of award from the payment of income taxes.

In fact it is doubtful if plaintiffs meet the additional test set out in section 74(b) (1).

In interpreting section 74(b), the Fourth Circuit in a well-reasoned opinion reached the same conclusion in reference to a somewhat different type of prize money. (Simmons v. United States, 308 F.2d 160 (1962).)

We also quote from a strong opinion by Chief Judge Thomsen of the United States District Court in the same case (197 F.Supp. 673, 674 (1961)) the following:

"Sec. 74 was included in the 1954 Code 'to eliminate some existing confusion in court decisions over whether a prize is income or a gift and would overrule both the Pot O' Gold case (Washburn v. Commissioner, (1945) 5 T.C. 1333) and the Ross Essay Contest case (McDermott v. Commissioner, (C.A.D.C. 1945) [80 U.S.App.D.C. 176] 150 F.2d 585) insofar as each held prizes were not income under the 1939 Code'. Senate Report—Detailed Discussion of Bill, 1954 U.S.Cong. & Adm.News, p. 4813. That report also supports the following provision of the applicable regulation:

" 'Prizes and awards which are includible in gross income include (but are not limited to) amounts received from radio and television giveaway shows, door prizes, and awards in contests of all types, as well as any prizes and awards from an employer to an employee in recognition of some achievement in connection with his employment.' Reg. 1.74–1 (T.D. 6137, fd. 7–12–55). See 1954 U.S. Cong. & Adm.News, p. 4813."

Also, as to changes made by the 1954 Code, see Commissioner v. Duberstein, 363 U.S. 278, especially the footnote at page 290, 80 S.Ct. 1190, at page 1199, 4 L.Ed.2d 1218, from which we quote:

"I.R.C., § 74, which is a provision new with the 1954 Code. Previously, there had been holdings that such receipts as the 'Pot O' Gold' radio giveaway, Washburn v. Commissioner, 5 T.C. 1333, and the Ross Essay Prize, McDermott v. Commissioner, 80 U.S.App.D.C. 176, 150 F.2d 585, were 'gifts.' Congress intended to obviate such rulings. S.Rep. No. 1622, 83d Cong., 2d Sess., p. 178."

It is apparent from the letters advising plaintiffs of the award that the nature of the work performed was considered as accomplished in connection with the employment of plaintiff and Mitchell in the field of freight traffic and transportation at the Department of the Navy. Formulating, proposing, and negotiating freight rates were included in the duties and functions outlined in their job descriptions.

The plaintiffs filed no brief in this case.

There is no doubt the taxpayer, Hobart M. Griggs, performed a valuable service that resulted in large savings to the Government. He should be and was honored and rewarded for this accomplishment. In a letter dated November 5, 1956, advising plaintiff of the award, the Secretary of the Navy stated that "This is the first award above $5,000 which has been approved by the Civil Service Commission under the Government Employees' Incentive Awards Act and is the highest award paid for an employee contribution under the new Government-wide program."

We find, however, that the award does not meet the conditions set out in the provision for excepting certain types of prizes and awards from payment of the income tax.

Plaintiffs' petition is dismissed.