Pauline C. Washburn, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 6609. Promulgated December 28, 1945.

*Royal E. Mygatt, Esq.*, for the petitioner.
*William F. Evans, Esq.*, for the respondent.

---

## OPINION.

Van Fossan, *Judge*: The respondent determined a deficiency of $197.12 in petitioner's income tax for 1941.

The facts are:

The petitioner was sitting at home during the evening of March 12, 1941, when the telephone rang. A guest in the house answered the phone and stated that the call was for the petitioner. Petitioner went to the telephone and a man's voice said, "Congratulations, Mrs. Washburn." Petitioner inquired, "What for?" The voice said, "Haven't you been listening to your radio?" When petitioner replied that she had not, the voice said, "Well, you have won the Pot O' Gold." Petitioner did not know what he meant, but thought it was someone perpetrating a joke. She inquired, "What is this and what is it all about?" The voice repeated, "You have won the Pot O' Gold." Petitioner asked what she should do. The voice answered, "Nothing, Within a half hour you will receive the money." Petitioner asked how much money, and she was told $900.

Petitioner remained at home and within a half hour a telegraph messenger brought her a telegram which read as follows:

Herewith draft for nine hundred dollars outright cash gift with our compliments presented by Tums Pot O' Gold program. Congratulations from Tommy Tucker and ourselves.

Lewis Howe Company, Makers of Tums.

The boy also handed the petitioner a draft for $900. Petitioner deposited the money in the bank the following day.

A day or two later, while petitioner was absent from her home, a man called her home by telephone and asked if petitioner would care to appear on the "Tums" program. When this message was relayed to petitioner, the man was advised by telephone in the negative and that petitioner would not be interested. Petitioner never appeared on the program and has never had any other connection with the "Pot O' Gold" program or with the company that manufactures "Tums." She has never bought or used the product nor has she given a testimonial with regard to it. Petitioner never authorized anyone to announce that she had received the money.

The petitioner's name was chosen by the following method: The selection is made by the use of a spinning wheel bearing numbers. The company has in its possession telephone directories listing all telephones of the Bell System. These telephone books and listings are all numbered. The wheel first selects the telephone book to be used, next the page in the book, and then the line on the page on which the number of the telephone is given. The telephone number is called and, if answered by anyone, the party whose name appears as owner of the telephone receives the gift. If the person is not at home it

makes no difference as long as the telephone is answered. The party called has no knowledge that he is going to be called.

Under the above set of facts, we conclude without difficulty that the $900 received by the petitioner was an outright gift, without any of the earmarks of income. The sum was not a gain from capital, for petitioner employed no capital; nor from labor, for petitioner contributed no labor; nor from both combined. It came to petitioner without expectation or effort. It was not the result of a wager. The receipt of the payment involved no subsequent obligation on petitioner's part and petitioner in no wise undertook to justify the payment by appearing on the program or authorizing the use of her name in advertising the fact of receipt. She gave no endorsement of the product.

The telegram accompanying the draft in payment denominated the payment an "outright cash gift." We think this correctly characterized the payment and accordingly hold that it did not constitute income to the petitioner.

*Decision will be entered for the petitioner.*