## UNITED STATES et al. v. AMIRIKIAN.

### No. 6320.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 5, 1951.

Decided June 16, 1952.

Hilbert P. Zarky, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and Harry Baum, Sp. Assts. to the Atty. Gen., Bernard J. Flynn, U. S. Atty. and Frederick J. Green, Jr., Asst. U. S. Atty. on brief), for appellant.

J. C. Merriman and Robert L. Weinberg, Baltimore, Md. (Weinberg and Green, Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

SOPER, Circuit Judge.

This is an appeal from a decision of the District Court in which it was held that money received by Arsham Amirikian, the taxpayer, in a contest for a prize should not be included in his taxable income. The facts were stipulated. During the period from October 1939 to April 1940, Amirikian, a civil engineer employed in the Bureau of Yards and Docks of the Navy Department, Washington, D. C., participated in the designing and supervision of a new method of constructing caissons or gates for naval dry docks by means of arc welding, which resulted in a substantial monetary saving for the United States Government.

In 1936 the Lincoln Electric Company, in honor of its president, created The James F. Lincoln Arc Welding Foundation, a scientific and educational organization tax exempt under § 101(6) of the Internal Revenue Code, 26 U.S.C.A. § 101(6). The purpose of the Foundation was to "stimulate scientific interest and scientific research,

study and education in respect of the development of the arc welding industry;" and in January 1940 it announced a contest and offered prizes for papers dealing with the subject "Progress made by application of arc welding between January 1, 1940 and June 1, 1942." The stated purpose of the contest was to encourage the industrial use of the arc welding process by the distribution of information and knowledge relating to the application of such process in various industrial fields. Contestants were required to submit their papers in accordance with specified rules and conditions, and were required to have actually engaged in the design or execution of the work upon which the subject matter of the papers was based. The booklet announcing the contest listed as factors to be considered in making the awards the cost saved in the use of the method described in the contestant's paper over that produced in the use of the previous method by the company with which the author was connected and by the industry in general, and the increased service life and advantages accruing from the use of the proposed method. Literary skill was not a factor to be considered.

The taxpayer learned of the contest in the fall of 1941. Together with a fellow engineer who was the Director of Planning and Design in the Navy Department's Bureau of Yards and Docks, he prepared a paper entitled "Welded Caissons for Naval Dry Docks" which described the improved designs and the methods for developing the arc welded caissons on which he had been working and the substantial savings resulting therefrom. He spent about forty hours preparing the paper. It was entered in the contest on May 30, 1942, and in August of that year he and his co-author were advised by the Foundation that their paper had been chosen winner of the first award of $13,700. Neither the paper itself nor any publication rights therein were purchased by the Foundation.

The taxpayer received $6,850 of the award as his share, and included it in the gross income shown on his income tax return for the calendar year 1942. He paid the tax due thereon under protest and on December 5, 1946 filed a claim for refund which was disallowed. He recovered a judgment in the District Court for $1622.85, the amount by which the tax was increased by the inclusion of the prize money in the taxable income. D.C., 100 F.Supp. 263.

The case is ruled by the decision of the Supreme Court of the United States rendered on June 2, 1952 in Robertson v. United States, 72 S.Ct. 994, 996, which involved a prize won by a composer in a contest for the best unpublished symphonic work written by native born composers of the Western Hemisphere. The award was established in 1945. The taxpayer submitted a symphony written by him between the years 1936 and 1939 and won an award of $25,000 in 1947. In holding that the amount received was taxable, the court said:

"In the legal sense payment of a prize to a winner of a contest is the discharge of a contractual obligation. The acceptance by the contestants of the offer tendered by the sponsor of the contest creates an enforceable contract. See 6 Corbin On Contracts, § 1489; Restatement, Contracts, § 521. The discharge of legal obligations—the payment for services rendered or consideration paid pursuant to a contract—is in no sense a gift. The case would be different if an award were made in recognition of past achievements or present abilities, or if payment was given not for services, see Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 730, 49 S.Ct. 499, 504, 73 L.Ed. 918, but out of affection, respect, admiration, charity or like impulses. Where the payment is in return for services rendered, it is irrelevant that the donor derives no economic benefit from it."

The Judgment of the District Court must therefore be reversed.