**BATES et ux. v. GLENN, Collector of Internal Revenue.**

No. 2480.

United States District Court
W. D. Kentucky, at Louisville.

Sept. 14, 1953.

E. J. Wells, Louisville, Ky., for plaintiffs.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Henry L. Spencer, Sp. Assts. to the Atty. Gen., and Charles F. Wood, Asst. U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This action was filed October 2, 1952 by the plaintiffs Theo. W. and Mary Louise Bates, husband and wife, against Selden R. Glenn, who was then Collector of Internal Revenue for the District of Kentucky, to recover $407.26, the amount of an assessment made by the Commissioner, representing a deficiency in income taxes for the calendar year 1948.

The case was tried to the Court without a jury September 1, 1953. The parties had stipulated substantially all of the facts,

about which there was little dispute. From that stipulation and the evidence heard by the Court upon the trial, the Court makes the following

## Findings of Facts

1. Plaintiffs Theo W. and Mary Louise Bates filed their joint income tax return for the calendar year 1948. After auditing of that return, the Commissioner made a deficiency assessment of $347.40 and interest, which assessment and interest on March 4, 1952 aggregated $407.26, which was paid by the plaintiffs.

The tax assessment arose out of adding to the income of the taxpayers disclosed in their return, the amount of $1,683.21, representing the agreed value of a Ford Automobile which Mrs. Bates received June 21, 1948.

2. June 18, 1948, Summers-Hermann, Inc., local Ford dealers in Louisville, Kentucky, exhibited the 1949 new Ford at their place of business. Summers–Hermann, Inc. had advertised the newspapers and otherwise that the new Ford would be exhibited on that date and invited the public to inspect the new car and as an incentive advertised that a new Ford would be given to some person visiting the showroom at their place of business on June 18, 1948.

3. In response to the advertisement some 27,000 persons visited the showroom, among whom were the plaintiffs, whose names were inquired and written on cards while they visited the showroom and at a drawing held late on that day, the name of Mrs. Mary Louise Bates was drawn from the whole number of names deposited that day in the barrel and representing visitors to the showroom, and on June 21st thereafter, a new Ford car was delivered to her at her home.

4. Neither Theo. W. Bates nor his wife Mary Louise Bates made any investment in the car, gave no testimonial concerning the car and the only dealings either of the plaintiffs had with Summers-Hermann, Inc., was going to their place of business on June 18, 1948 to view the new car, at which time their names were taken by one of the employees of the Ford dealers.

5. The value of the automobile, with its accessories, was charged as a deduction by Summers-Hermann, Inc., on account of advertising.

The value of the car was not included by Theo. W. and Mary Louise Bates as income in their income tax return for the calendar year 1948 filed by them on or about March 15, 1949.

6. Plaintiffs timely filed with the Collector their claim for refund and received no response from the Commissioner, and on October 2, 1952, filed the present action.

## Conclusions of Law

I. The defendant contends that the value of the automobile was taxable income under Section 22(a) of the Internal Revenue Code, while plaintiffs contend that the automobile was a gift exempt from income tax under Section 22(b) (3) of the Internal Revenue Code.

In this action the burden lies upon the plaintiffs, the presumption being that the Commissioner's determination was correct. There being no dispute as to the facts in this case, the Court's determination becomes solely a question of law.

II. Section 22(a), Title 26 U.S.C. Internal Revenue Code, provides—

"(a) *General Definition.* 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; * * * and income derived from any source whatever. * * *"

Sub-section (b) and (b) (3) of the Code providing for exclusions from gross income are as follows—

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation * * *:

* * * * * *

"(3) (As amended by Section 111 (a), Revenue Act of 1942, c. 619, 56 Stat. 798) Gifts, bequests, devises, and inheritances. The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property".

Counsel for the Collector relies largely upon Willkie v. Commissioner, 6 Cir., 127 F.2d 953; Lunsford v. Commissioner, 6 Cir., 62 F.2d 740 and Robertson v. United States, 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237.

The Willkie and Lunsford cases are referred to as indicating that the purpose and intent of the donor are helpful in ascertaining the proper classification for the income represented by the value of the car.

Defendant contends that in no sense did Summers-Hermann, Inc., intend this as a gift and affirmatively show that in the corporation's income tax return for 1948 its gifts accumulated slightly more than $400 and that the value of the automobile was included in its deduction taken for the expense of advertising. Defendant's counsel however does not contend that the intent of the donor is controlling. His principal contention is that the Supreme Court in the Robertson case, decided June 2, 1952, has determined that the winner of a prize in a contest is properly chargeable with income, for the reason that in entering the contest, the winner becomes a contestant and the prize is paid as the discharge of a contractual obligation.

The Supreme Court said in that case—343 U.S. at page 713, 72 S.Ct. at page 996,—

"In the legal sense payment of a prize to a winner of a contest is the discharge of a contractural obligation. The acceptance by the contestants of the offer tendered by the sponsor of the contest creates an enforceable contract. See 6 Corbin on Contracts § 1489: Restatement, Contracts, § 521. The discharge of legal obligations—the payment for services rendered or consideration paid pursuant to a contract—is in no sense a gift."

III. In the Robertson case, appellant, as a musician and composer, composed a symphony and there had been offered by a philanthropist prizes of $25,000, $5,000, and $2,500 for the three best symphonic works written by native composers of this hemisphere. Plaintiff Robertson was awarded the first prize.

The District Court held that the award was a gift and not taxable as income. 93 F. Supp. 660. The Court of Appeals reversed and the Supreme Court affirmed the Court of Appeals, 10 Cir., 190 F.2d 680.

In that case, Robertson entered a contest. In the case at bar, Mrs. Bates did nothing except visit a showroom, ostensibly for the purpose of viewing the new Ford.

In The Pot O' Gold case (Washburn v. Commissioner, 5 T.C. 1333) the winner of the award was called without warning or pre-arrangement at her home. Her answering of the telephone resulted in her receiving an award of $900. The Tax Court held that this money was an outright cash gift and did not constitute income. The Tax Court said—

"The sum was not a gain from capital, for petitioner employed no capital; nor from labor, for petitioner contributed no labor; nor from both combined. It came to petitioner without expectation or effort. It was not the result of a wager. The receipt of the payment involved no subsequent obligation on petitioner's part and petitioner in no wise undertook to justify the payment by appearing on the program or authorizing the use of her name in advertising the fact of receipt. She gave no endorsement of the product."

The Court concludes that the receipt of the car by Mrs. Bates was a gift within the meaning of Section 22(b) (3) of the Internal Revenue Code and that the Commissioner erroneously assessed the deficiency tax and that plaintiffs are entitled to recover $407.26, with interest from March 4, 1952.

A judgment to that effect will be tendered by counsel for plaintiffs.