**REYNOLDS et al.**
v.
**UNITED STATES.**
No. 32033.

United States District Court
N. D. California, S. D.
Feb. 12, 1954.

912

William L. Oliver, Stephen McReavy, Hall, Henry .& Oliver, San Francisco, Cal., for plaintiffs.

Lloyd H. Burke, U. S. Atty., George A. Blackstone, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiffs, winners of a Ford automobile which they received from the Call Bulletin newspaper, seek to recover taxes which they paid upon the full value of the car. The parties have stipulated to the following facts:

In August 1948 Dr. Reynolds learned that his name had been drawn in the "Lucky 49er Sweepstakes" conducted by the Call-Bulletin to promote circulation. Subscribers to the newspaper had been awarded, free of charge, a "Lucky 49er Certificate" upon payment of their monthly bills commencing July 1948. The certificate constituted a chance at the monthly sweepstakes drawing. It was not transferable and the person to whom it was issued had to be a subscriber at the time of the drawing. The winner had to have the certificate in his possession at the time of the drawing.

When the newspaper notified Dr. Reynolds of his award, and requested him to produce his July certificate the doctor learned that his maid had completed such a certificate in his name and that he was entitled to the automobile. Dr. Reynolds had been a subscriber prior to the drawing and continued to subscribe thereafter. Neither he nor his wife had personal knowledge of the sweepstakes, nor did they subscribe to the Call-Bulletin in order to participate in it.

The Commissioner of Internal Revenue determined that the receipt of the car was taxable income and levied an assessment upon it. The instant suit is for a refund.

The question for decision is whether the automobile which the doctor received is income within the meaning of 26 U.S.C.A. § 22(a),[1] or whether it is excluded from gross income as a gift under 26 U.S.C.A. § 22(b)(3).

Sweepstakes or lottery winnings have been held to be taxable as income under Section 22(a). Riebe v. Commissioner, 6 Cir., 124 F.2d 399.

The value of the automobile constitutes income, although Dr. Reynolds was a subscriber to the Call-Bulletin prior to the "Lucky 49er sweepstakes" and paid no more than the regular subscription price in exchange for his certificate. During the period of the sweepstakes, the monthly payments for the paper served a dual purpose and entitled the doctor to a certificate as well as the newspaper. Cf. United States v. Wallis, D.C., 58 F. 942. The maid, as agent for Dr. Reynolds, acted on his behalf in completing the certificate and complying with the rules of the contest. Her acceptance entitled the doctor to the automobile when his certificate was drawn. Baird v. Loescher, 9 Cal.App. 65, 98 P. 49. The legal enforceability of the contract is immaterial in applying Section 22(a). Riebe v. Commissioner, supra;

1. 26 U.S.C.A. § 22(a): "Gross income includes gains, profits, and income * * * of whatever kind and in whatever form paid * * * or gains or profits and income derived from any source whatever. * * *"

cf. Holmes v. Saunders, 114 Cal.App.2d 389, 250 P.2d 269.

The cases relied upon by plaintiffs in seeking to establish their winnings as a gift are distinguishable. In neither Bates v. Glenn, D.C., 114 F.Supp. 445, nor in Washburn v. Commissioner, 5 T. C. 1333, did the recipient of the award have a contractual right to receive the prize.

It is ordered that judgment be entered in favor of defendants upon preparation of findings of fact and conclusions of law.