Seldon R. GLENN, Collector of Internal Revenue for the District of Kentucky, Appellant,

v.

Theo W. and Mary Louise BATES, Appellees.

No. 12102.

United States Court of Appeals Sixth Circuit.

Dec. 23, 1954.

I. Henry Kutz, Washington, D. C. (H. Brian Holland, Ellis N. Slack, Lee A. Jackson, I. Henry Kutz, Washington, D. C., on the brief), for appellant.

E. J. Wells, Louisville, Ky. (J. Leonard Walker, Louisville, Ky., on the brief), for appellee.

Before ALLEN, McALLISTER, and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This appeal is from the district court's judgment awarding the taxpayer a refund of income taxes which the court found to have been erroneously and illegally collected.

There is no dispute about the facts. In 1948 a Ford dealer advertised in the Louisville newspapers that the 1949 Fords would be on display at his place of business on June 18, 1948. The general public was invited to visit his showroom, inspect the new cars, and register for the purpose of a drawing for a new automobile to be awarded on the evening of that day.

The appellees, husband and wife, went to the dealer's showroom in response to the advertisement, and one of the dealer's employees, after asking them their names and address, wrote each name and address on a separate card which he deposited in a barrel. Approximately twenty-seven thousand other persons visited the showroom and were so registered. A drawing was held that evening, the card bearing the name of Mary Louise Bates, one of the appellees, was drawn from the barrel, and she was declared the winner of the automobile. Neither of the appellees was present when the drawing was made. Three days later the car was delivered to her, together with an invoice and bill of sale.

Neither of the appellees was required to make any investment or give any testimonial in regard to the automobile or the dealer. Neither of them was required to buy any of the dealer's or manufacturer's products, nor did either do so. The value of the automobile was charged by the dealer on his income tax return as a deduction on account of advertising.

The value of the automobile was not included by appellees as income in their

**536**

joint return for 1948. The Commissioner added that value to the appellees' income for that year and made a corresponding deficiency assessment, which the appellees paid. Thereafter, the appellees filed claim for refund, and, receiving no response from the Commissioner, successfully prosecuted this action in the district court for refund of the deficiency assessment, plus interest.

The district court concluded that the receipt of the automobile under the foregoing circumstances did not constitute income within the meaning of Section 22 (a) and (b) (3) of the Internal Revenue Code, 26 U.S.C.A. § 22(a), (b) (3). We think the court was not in error in so concluding.

The legal and economic concepts of "income," "gift," and "purchase" are sometimes not easily pigeonholed, and their overlapping characteristics have invited considerable judicial and textbook discussion. Extended philosophical discussion is of little help in deciding specific cases of this kind. The real question here is whether the circumstances of this case bring it within the authority of Robertson v. United States, 1952, 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237, or within the scope of such decisions as Washburn v. Commissioner, 1945, 5 T.C. 1333.

In the Robertson case the taxpayer submitted a symphony and won a $25,000 award which had been offered for the best symphonic work written by a composer native to the Americas. In submitting his composition, the composer agreed to give up certain valuable rights in the work. The Supreme Court held that the taxpayer was offering the results of his professional skill to win prize money, that the payment was made under a contract for services rendered, and, as such, it was taxable income. In the Washburn case the taxpayer was awarded $900 in connection with the "Pot O' Gold" radio program for the simple act

of answering her telephone. The Tax Court held that the award was not taxable income.[1]

In the present case, there was no contest involved, no labor, no skill, no "personal service" on the part of the taxpayer. The dealer's advertisement said a new Ford automobile would be "given away" on a certain date. It was not error for the district court to conclude that that was exactly what happened.

The judgment is affirmed.

---

1. Under Section 74 of the Internal Revenue Code of 1954, 26 U.S.C.A., it appears that the award in the Washburn case, and in the present case, would be taxable income. However, the provisions affecting this case are those in effect for 1948.