RAY W. AND JANICE M. CAMPEAU, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48329. Filed June 10, 1955.

*H. Myron Gleason, Esq.,* for the petitioners.
*John D. Picco, Esq.,* for the respondent.

### OPINION.

RAUM, *Judge:* The Commissioner has determined a deficiency of $2,482 in the income tax of petitioners for the year 1949. The sole issue is whether the respondent erred in determining that the value of prizes, consisting of cash and merchandise received in 1949 from a quiz show by petitioner Ray W. Campeau constituted gross income to him. The facts have all been stipulated, and the stipulation is by this reference incorporated as our findings.

Petitioners are husband and wife. They filed a joint income tax return for the calendar year 1949 with the collector of internal revenue for the district of Oregon, at Portland, Oregon.

On the evening of November 20, 1949, the telephone rang in the home of the petitioners. Petitioner Janice M. Campeau answered the phone and was informed that the radio show "Hollywood Calling—Film of Fortune" was calling. "Hollywood Calling—Film of Fortune" is one of a number of radio and television programs popularly designated "quiz shows" or "giveaway programs." The method used by this particular program is to call a telephone number selected at random and pose a number of questions to the person who answers, prizes being awarded for the correct answers. The call by "Hollywood Calling—Film of Fortune" to the home of the petitioners was wholly unexpected, without warning or prearrangement, and without any prior activity on the part of either petitioner to bring about such call.

Janice advised the person making the call that she preferred that her husband answer any questions to be asked. This was acceptable and Ray took the phone. He was asked two questions, of which the first required the identification of the "Ritz Brothers," popular comedians, and the second the identification of a motion picture film entitled "Dead End." Ray correctly answered both questions, there-

by receiving cash and merchandise in the tax year before us of the aggregate fair market value of $12,382.25, as follows:

| Item | Fair market value | Item | Fair market value |
|---|---|---|---|
| Diamond ring | $1,100.00 | Automobile | $2,400.00 |
| Pearl necklace | 250.00 | Camera | 85.00 |
| Hand bags | 250.00 | Watch | 49.75 |
| Lace gown | 500.00 | Lighters | 47.50 |
| Tuxedo | 100.00 | Clothing | 1,000.00 |
| United States war bond | 375.00 | Cash | 1,125.00 |
| Luggage | 1,100.00 | Miscellaneous | 1,000.00 |
| Canned goods | 1,200.00 | | |
| Furniture | 600.00 | Total | $12,382.25 |
| Silverware | 1,200.00 | | |

Petitioners also received or were entitled to receive various other prizes, which, however, had no value to them and on account of which the respondent makes no attempt to add any amount to their gross income for 1949.

The petitioners did not include any amount in their income tax return for 1949 on account of the above prizes. A separate statement attached to the return disclosed the fact that money and merchandise had been received as the result of a call from the program, and advised that petitioner Ray was of the opinion that such receipt did not constitute taxable income. The respondent, in determining the deficiency, has added the sum of $12,382.25 to the gross income of petitioners for 1949.

Respondent contends that the above award constitutes taxable income as compensation for services rendered within the meaning of section 22 (a)[1] of the Internal Revenue Code of 1939, while it is the position of petitioners that the amount in question is a gift excludible from gross income by virtue of section 22 (b) (3) [2] of the Code. The question is not entirely free from doubt since there appear to be two lines of decision depending upon the particular facts involved. Compare *Robertson* v. *United States*, 343 U. S. 711, *United States* v. *Amirikian*, 197 F. 2d 442 (C. A. 4), and *Herbert Stein*, 14 T. C. 494, with *Pauline C. Washburn*, 5 T. C. 1333, and *Glenn* v. *Bates*, 217 F. 2d 535 (C. A. 6). A study of the facts of the instant case in the light of existing authority convinces us that the position of the petitioners is correct and the deficiency asserted is erroneous.

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property * * * also from * * * gains or profits and income derived from any source whatever * * *

[2] (b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * * * *

(3) The value of property acquired by gift * * *

Respondent relies primarily on *Robertson* v. *United States, supra.* This reliance is misplaced. In the *Robertson* case a prize of $25,000 awarded to the contestant who submitted the best symphonic composition was held to constitute taxable income. The taxpayer, the winner of the first prize, had actively sought to enter the contest. He expended a substantial amount of time and performed valuable professional services in creating the winning composition. When he submitted the composition he surrendered various rights therein, including recording and motion picture rights and the right to the first performance of the composition in each of a number of countries. Thus the prize in the *Robertson* case was awarded for a piece of work resulting from the expenditure of substantial time and valuable professional services and having value in the normally accepted sense. In a very true sense the payment in that case was for valuable services rendered.

In the instant proceeding, petitioners did nothing to enter a contest. They submitted to no rules, gave up no rights, and produced nothing. They neither agreed to nor did they appear on the program. They did not grant permission for the use of their names in any testimonial, or in any manner other than as used at the time they were called and given the opportunity to win the prizes. The *Robertson* case is factually different from the instant case, and is not in point. That and similar cases, where the taxpayer, by the application of substantial personal effort produced a piece of work wherein valuable rights were surrendered, cannot be controlling here. Cf. *United States* v. *Amirikian, supra; Herbert Stein, supra.*

The present case is closer on its facts to the *Washburn* and *Bates* cases than to the *Robertson* line of cases. In the *Washburn* case the taxpayer's telephone rang, and she was informed by the "Pot O'Gold" program that she was the winner. She received shortly thereafter a draft for $900, which was held to constitute a gift. The facts of that case are somewhat more favorable to the taxpayer than those now before us. In the *Washburn* case no question had to be answered, nor, in fact, did taxpayer herself have to answer the phone or be at home. It was sufficient that the telephone be answered by someone; the person in whose name the phone appeared in the directory would then receive the prize. The difference in the instant case is that petitioners, or one of them, had to supply the correct answers to two questions. The nature of the answers is such, however, that we consider this to be a difference without a distinction. A gift may be conditional, and we are not ready to say that any act on the part of a taxpayer, no matter how inconsequential in itself, which is a necessary prerequisite to a receipt, is ipso facto a service for which the receipt represents compensation. The answers given by Ray were not related to the

business of the broadcasting company or the sponsors. Whatever benefit the sponsors may have derived from the transaction came as a result of advertising and publicity from the making of the award, and not as a result of the answers given by Ray. This benefit was enjoyed to an equal extent by the sponsors in the *Washburn* case. We are satisfied that in supplying the correct answers to the two questions asked, petitioner Ray did not perform a service, but merely satisfied a condition to a gift.

In *Glenn* v. *Bates, supra,* a dealer of Ford automobiles announced in a newspaper advertisement that he would give an automobile to someone who should visit his showroom on a specified date and inspect the new 1949 Ford automobiles then on display for the first time. The taxpayers, husband and wife, visited the showroom, saw the automobiles on display, and submitted their names and address to a salesman, who wrote them on separate slips of paper and deposited them in a barrel. The wife's name was drawn and she received the prize. The Court of Appeals, affirming the District Court, held that the award was a gift and that the facts were closer to *Washburn* than to *Robertson.* The facts of the instant case are similar to those in *Glenn* v. *Bates, supra.* In both cases some minor action having no intrinsic value was required on the part of the taxpayers. If any distinction exists, it would seem to be in favor of the instant taxpayers. In *Glenn* v. *Bates* the taxpayers did more than the petitioners here did in order to make themselves eligible to win the prize. They visited the dealer's showroom and viewed his wares. They and the others who came were potential customers.

We are not unaware of the recent enactment of section 74 of the Internal Revenue Code of 1954 [3] by which gross income is defined to include amounts received as prizes and awards. That section is prospective only, and the Committee reports accompanying its enactment express no opinion as to the correctness of the cases discussed above, but merely present section 74 as a means of eliminating confusion resulting from prior court decisions. H. Rept. No. 1337, 83d Cong., 2d Sess., p. 11; S. Rept. No. 1622, 83d Cong., 2d Sess., p. 13. We do not deem this new legislation or the accompanying reports illuminating as to the scope of section 22 (b) (3) of the Internal Revenue Code of 1939 in the case at bar.

For the above reasons we hold the deficiency determined by the respondent to be in error.

*Decision will be entered for the petitioners.*

---

[3] SEC. 74. PRIZES AND AWARDS.

(a) GENERAL RULE.—Except as provided in subsection (b) and in section 117 (relating to scholarships and fellowship grants), gross income includes amounts received as prizes and awards.