*Decision will be entered under Rule 50.*

CLEWELL SYKES AND KATHERINE N. SYKES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51063.   Filed September 30, 1955.

*Fred L. Rosenbloom, Esq.,* and *Thomas P. Glassmoyer, Esq.,* for the petitioners.

*Stanley W. Herzfeld, Esq.,* for the respondent.

## OPINION.

RAUM, *Judge:* Section 74 of the Internal Revenue Code of 1954 treats all prizes and awards, with certain exceptions not material here, as taxable income. These provisions, however, are prospective only, and it remains for the courts to attempt to apply the principles recognized under earlier law with respect to prior years. At times, some rather fine lines have been drawn, and in *Ray W. Campeau*, 24 T. C. 370, we undertook an analysis of some of the decisions in this field.

The present controversy, in our opinion, falls within the line of cases characterized by *Max Silver*, 42 B. T. A. 461, and *Reynolds* v. *United States*, 118 F. Supp. 911 (N. D., Cal.). In the *Reynolds* case a newspaper conducted a "Lucky 49er" sweepstakes, open only to subscribers. No additional payment was required of subscribers wishing to participate. Unknown to the taxpayer, a subscriber, his maid entered his name in the sweepstakes, and he won an automobile. The District Court held that the value of the automobile was income to him.

Although the petitioner herein paid no consideration for the ticket, nevertheless, as donee of one who did pay a consideration, he stands in no better tax position. Upon winning and receiving the prize he realized taxable income to the same extent as would his donor. In

*Max Silver, supra,* the taxpayer was held to have received taxable income when he won a sum of money as the holder of a sweepstakes ticket which he had received from a friend as a gift. As in the *Silver* case, petitioner in the instant proceeding received as a gift not the prize won, but a certificate entitling him to a chance to win a prize. The entire ticket received by petitioner cost his donor $17.50. Some part of that sum is allocable to the right to participate in the drawing. When his number was chosen, he realized taxable income, as did the taxpayer in the *Silver* case.

We think that the *Reynolds* and *Silver* cases are closer to the present case than the decisions relied upon by petitioner, *Pauline C. Washburn,* 5 T. C. 1333, and *Bates* v. *Glenn,* 114 F. Supp. 445 (W. D., Ky.), affirmed 217 F. 2d 535 (C. A. 6), in neither of which was there thought to be any "investment" comparable to the purchase of the ticket in the present case. The determination of the respondent must be approved.[1]

*Decision will be entered for the respondent.*

---

[1] In the *Silver* case, the taxpayer was permitted to subtract the cost of the sweepstake ticket from the amount won. In the present case, neither the pleadings nor petitioners' brief raise any such issue, and since we have no evidence before us that would enable us to determine what part of the $17.50 paid for the ticket in this case was allocable to the lottery, the Commissioner's determination must be approved in full.