John C. LAWTON and Birdie W. Lawton

v.

UNITED STATES of America.

Civ. A. No. 2193.

United States District Court
E. D. Virginia,
Richmond Division.

June 13, 1956.

Hunton, Williams, Gay, Moore & Powell, Richmond, Va., for plaintiffs.

L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., for the United States of America.

STERLING HUTCHESON, Chief Judge.

During May 1955, John C. Lawton and Birdie W. Lawton, his wife, who will be referred to as plaintiff or plaintiffs, visited an exhibition known as the Better Home Show in Richmond, Virginia. The show consisted of a number of exhibits presented by various manufacturers and retailers, most of which were of home appliances of the latest commercial design. The purpose was to advertise and display various commercial products designed for home use. Numerous exhibits maintaining booths gave prizes and small gifts to encourage attendance. It was extensively advertised in the Richmond newspapers. On May 2, 1950, the following advertisement appeared in the Richmond Times Dispatch:

"A Car A Day Given Away
A Ford A Day From Layfield-Parker,
Inc., Sandston"

Layfield-Parker, Incorporated, a Ford automobile dealer at Sandston, Virginia, one of the exhibitors, maintained a display booth at the show.

The plaintiffs attended the show and paid a general admission charge of fifty cents. After entering, they deposited a ticket stub in the container from which was drawn the number determining the winner of the automobile. While attending the show plaintiffs also deposited other coupons or tickets of a similar nature at booths maintained by other exhibitors.

Although the plaintiff knew that prizes were to be given away at the show, he stated that the real reason for attending the show was to see the exhibits for the reason that he had recently been married and was considering buying a home. Several days thereafter a friend informed him that he had won the car given by Layfield-Parker at the Better Home Show. This was the only notice

given plaintiff. The plaintiff thereupon went to the show and at the Layfield-Parker exhibit booth found the following note attached to a new 1950 Ford automobile:

"This Car Won By
John C. Lawton
1501 Charles Street"

Plaintiff identified himself and was instructed to report to the master of ceremonies, who asked his name and how it was spelled. After spelling his name plaintiff was given the keys and title papers to the automobile. The plaintiff did not authorize the use of his name nor enter any contest nor do any overt act other than spelling his name in connection with the receipt of the automobile, the keys and the title papers.

The master of ceremonies of the Better Home Show testified that when he gave the cars away during the show he usually asked the winner a very simple question. However, he did not remember whether he had asked this specific winner (the plaintiff) any question. The plaintiff testified that the only question he answered was how to spell his name.

Plaintiffs reported $1,518.80, the fair market value of the 1950 Ford, as income on their 1950 joint Federal income tax return. On December 8, 1953, plaintiffs filed with the District Director of Internal Revenue, Richmond, Virginia, hereinafter referred to as the defendant, a claim for refund of $206.90, plus interest, that being the tax on the $1,518.80, contending that they had improperly included the value of the automobile as income, when in fact it was a gift. The defendant rejected the claim for refund and the plaintiffs filed this action.

The Internal Revenue Code of 1939, contains no specific provision covering the income tax treatment to be accorded money and prizes received in contests and lotteries. However, Section 22(a) contains a general definition of gross income (26 U.S.C., 1952).

Section 22(b) deals with exclusions from gross income.

Section 22(b) (3), as amended, excludes from gross income of the taxpayer the value of property received by gift, bequest, devise, or inheritance. Thus, the issue raised is simply whether the value of this automobile should be classed as income or as a gift which should be excluded from gross income.

The Supreme Court in Robertson v. United States, 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237, held a $25,000 prize to be gross income. In that case the $25,000 prize was awarded the taxpayer as first prize for the best musical composition entered in a contest. The taxpayer had prepared the composition over a period of years prior to the contest. The Court held that since the taxpayer had performed services requiring knowledge and skill, he had earned the prize and thus it should be classed as gross income. The test, as laid down by the Supreme Court, apparently is simply: "What has the taxpayer done in way of services in order to be eligible for the prize?"

The defendant cites Reynolds v. United States, D.C., 118 F.Supp. 911, and Sykes v. Commissioner, 24 T.C. 1156, as authority for the proposition that where the winner (taxpayer) pays or gives some form of monetary consideration in order to win, the proceeds constitute gross income. In the Reynolds case a doctor won a new automobile as a result of paying the regular subscription price during the month of a publication known as the Call-Bulletin, which to promote circulation, conducted a monthly lottery called "Lucky 49er Sweepstakes". Payment of the subscription price for the newspaper entitled the doctor to a certificate. The certificate entitled the subscriber to a chance on a monthly drawing for a new Ford automobile. The Court in holding the value of the car to be gross income said that during the period of the sweepstakes the monthly payments for the paper served a dual purpose and entitled the doctor to the certificate to the sweepstakes as well as to the newspaper. Thus, a consideration

was paid for the prize and the doctor had a contractual right, although unenforceable, to receive it when the number was drawn. It would seem that the Court treating sweepstakes and lotteries as synonymous bases its decision on the fact that the car was a proceed of the lottery.

In the Sykes case the taxpayer won an automobile as a door prize at a dinner where he had purchased tickets priced at $17.50. Relying on the Reynolds case, supra, the Court held the value of the automobile to be gross income.

The defendant contends that the Reynolds and Sykes cases extend the test applied in the Robertson case, in that they appear to cover a situation not only where services are performed but also where the taxpayer pays or gives a monetary consideration for the opportunity to win a prize. In the instant case the taxpayer's primary purpose was not to obtain a chance to win an automobile but to see the Better Home Show. Therefore the fifty cents admission was a consideration flowing from the taxpayer to the Better Home Show in return for which the taxpayer was allowed to observe and view the show. One of the benefits of the show is the remote possibility of winning one of many various and sundry prizes. However, it is to be noted that the chance for prizes is given without any charge made therefor.

It is not clear whether prizes were given by the Show or by the individual exhibitors. Although there was testimony to the effect that the Show owned the Ford given away and not Layfield-Parker, the evidence upon this point is not clear and as far as the plaintiff was concerned, by virtue of the newspaper advertisement, the car was given by Layfield-Parker. The best evidence indicates that the Show was the donor of the car. The plaintiff had no intention of passing any consideration to Layfield-Parker in order to be allowed to participate in the drawing for the car. This principle is illustrated in Glenn v. Bates, 6 Cir., 1954, 217 F.2d 535, 536, where a Ford dealer advertised new cars on display. Taxpayer visited the display and deposited his name and address on a card in a barrel, thereby winning a new automobile. The Court said that the real question is whether the circumstances of this case bring it within the authority of Robertson v. United States, supra. In determining that the circumstances do not bring it within the scope of the Robertson case, the Court said:

"In the present case, there was no contest involved, no labor, no skill, no 'personal service' on the part of the taxpayer. The dealer's advertisement said a new Ford automobile would be 'given away' on a certain date. It was not error for the district court to conclude that that was exactly what happened."

In the Reynolds and Sykes cases the Court did not consider the intention of the taxpayer, whereas in the Bates case the intention of the taxpayer as indicated by the advertisement of the dealer was given consideration. While the intention of the taxpayer need not be controlling, it is of some importance, especially when coupled with rendering a service in participating in a contest or in the payment of consideration for a chance to win a prize. While it is difficult to reconcile the Reynolds and Sykes cases with the Bates case, the reasoning in the later appears more nearly applicable to the facts of the instant case.

Without participating in a contest, without supplying labor or skill, without rendering a service and without paying a consideration, the plaintiff has received a gift in the form of an automobile worth $1,518.80. See also Ray W. Campeau, 1955, 24 T.C. 370; Pauline C. Washburn, 1945, 5 T.C. 1333; and Fernandez v. Fahs, D.C.S.D.Fla., 144 F.Supp. 630.

In view of the foregoing reasons I hold that the value of the automobile was a gift and the refusal of the defendant to so consider it was erroneous. Judgment in the amount of $206.90, with interest, will be entered in favor of the plaintiffs.