H. COLLINGS DOWNES AND MARY FRANCES DOWNES, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59851.    Filed May 29, 1958.

*Lee S. Jones, Esq.*, for the petitioners.
*Arthur Clark, Jr., Esq.*, for the respondent.

Respondent determined a deficiency in petitioners' income tax for 1952 of $469.86. The issues to be decided are whether (1) the value of an automobile received as a prize in a drawing in connection with a charity campaign is taxable income, and (2) whether respondent properly disallowed deductions for automobile expenses of $200 and State cigarette taxes of $20. Respondent has abandoned his contention that petitioners were not entitled to a deduction claimed for convention expenses.

### FINDINGS OF FACT.

Certain facts are stipulated and are hereby found.

Petitioners, husband and wife, filed a joint Federal income tax return for 1952 with the director of internal revenue at Louisville, Kentucky.

In 1952, petitioner H. Collings Downes, hereafter referred to as petitioner, was a civilian employee of the United States Army Quartermaster Corps at the Jeffersonville Quartermaster Depot, hereafter referred to as the Depot.

In 1952, the Depot officials decided to conduct a combined drive to collect money for various charities, including the Red Cross and Community Chest, instead of holding a separate drive for each charity as was done in previous years. Prior to the drive, and in an effort to stimulate participation, the officials conducting the drive conceived and announced the idea of awarding prizes to contributing Depot employees, the winners to be selected by lot at the conclusion of the drive.

Petitioner contributed $5 to the combined drive. The officials selected him as the winner of a 1952 Chevrolet automobile, having a fair market value of $1,525, which they delivered to him about December 15, 1952. Petitioner made similar donations in similar amounts to various charities at his place of employment in years previous and subsequent to 1952. He was not present at the time of the drawing for the prize.

Petitioner served on a joint committee with the Lincoln Bank and Trust Company of Louisville, Kentucky, for the estate of his incompetent aunt. His aunt, who lived in her own home approximately 5 miles from petitioners' home, was bedridden and required nurses and employees for her care and assistance 24 hours a day. Petitioner's duties to his aunt's estate included providing nurses and other employees from time to time and securing groceries and other personal items. The turnover of employees was fairly rapid. He made as many as 3 trips to his aunt's home in 1 day to attend to her care.

Petitioner incurred expenses in operating his automobile to care for his aunt. On his income tax return he claimed a deduction of $300 for these expenses, of which respondent disallowed $200.

Petitioner incurred deductible automobile expenses of $100 in the administration of the estate of his incompetent aunt.

## OPINION.

OPPER, *Judge:* The facts are generally undisputed concerning the inclusion in income by respondent of the value of the automobile received by petitioner as the result of a drawing by lot. Respondent contends that the receipt of the automobile constituted taxable income under section 22 (a), I. R. C. 1939. Petitioners, on the other hand, argue that the prize was a gift wholly excludible from gross income under section 22 (b) (3), I. R. C. 1939. Petitioners claim this situation is like those in *Pauline C. Washburn*, 5 T. C. 1333, and *Bates* v. *Glenn*, (W. D., Ky.) 114 F. Supp. 445, affd. (C. A. 6) 217 F. 2d 535, and that the same result must follow, and the prize be regarded as a gift. Respondent relies on *Robertson* v. *United States*, 343 U. S. 711, and *Diane M. Solomon*, 25 T. C. 936, which required prizes to be included in income.

In *Clewell Sykes*, 24 T. C. 1156, we held in a somewhat similar situation that the cases relied upon by petitioners here were inapplicable where a payment or "investment" had been made by the taxpayer. In that case the payment consisted of the purchase price of a ticket to attend an annual dinner of a business association. In *Diane M. Solomon, supra,* likewise, the payment was for purchase of tickets for a charity bazaar which entitled the holder to participate in a drawing. The use here of receipts to determine the winner by lot is, at most, only a difference in form. As we stated in the *Solomon* case (p. 939):

It is the nature of the scheme or plan to award a prize by chance to one who has paid a consideration for that chance that determines whether the prize is taxable income, and not the nature of the organization that conducts the plan and makes the award. If the plan or scheme falls within the definition of a lottery, it is not rendered something else because conducted for a

charitable or religious purpose. And the recipient of a lottery prize does not receive tax-free income because the sponsors conducted the lottery for a worthy purpose.

It is hence immaterial that the present petitioner contributed the money for charitable purposes, that the charity itself did not award the prize, that petitioner had given similar contributions to other drives, or that he had a charitable motive for his donation. See *Reynolds* v. *United States*, (N. D., Cal.) 118 F. Supp. 662. The drawing was conducted in the form of a lottery. Petitioner made the contribution required to qualify for that lottery, and received the prize. We perceive no error in respondent's inclusion of the stipulated value of the prize in petitioner's gross income.

Respondent disallowed $200 of the $300 deducted by petitioners for automobile expense. Although respondent concedes that petitioner made trips and incurred automobile expenses in connection with the services he rendered to the estate of his incompetent aunt, he kept no records and could only estimate the amounts of expense incurred on each occasion, the number of occasions or the total expense involved. We make no comment on the deductibility in any event of travel from petitioners' home, see *E. C. O'Rear*, 28 B. T. A. 698, 701, affd. (C. A. 6) 80 F. 2d 473; *Ralph D. Hubbart*, 4 T. C. 121, since the record offers no basis for us to allow a deduction for automobile expense in excess of that allowed by respondent. *Neils Schultz*, 44 B. T. A. 146, 151; cf. *Cohan* v. *Commissioner*, (C. A. 2) 39 F. 2d 540. We approve respondent's determination.

As petitioners presented neither argument nor evidence concerning their deduction of $20 for State cigarette tax, we deem that issue abandoned.

Because respondent on brief abandoned an issue concerning a claimed deduction for convention expenses,

*Decision will be entered under Rule 50.*