William SIMMONS and Viola Simmons,
his wife,

v.

UNITED STATES of America.

Civ. No. 12484.

United States District Court
D. Maryland.

Sept. 19, 1961.

Sheldon H. Braiterman, Braiterman & Braiterman, Baltimore, Md., for plaintiffs.

Joseph D. Tydings, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., Louis F. Oberdorfer, Asst. Atty. Gen., and Lyle M. Turner, George Willi and Earl L. Huntington, Attys., Dept. of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

The question presented by this case is whether the $25,000 received by William Simmons (taxpayer) from American Brewery, Inc., as the "prize" for catching Diamond Jim III, a rock fish placed in the Chesapeake Bay in connection with the Third Annual American Beer Fishing Derby, constitutes taxable income under sec. 74, I.R.C.1954, 26 U.S.C.A. § 74. That section provides:

*"Prizes and awards.*

"(a) *General Rule.*—Except as provided in subsection (b) and in section 117 (relating to scholarships and fellowship grants), gross income includes amounts received as prizes and awards.

"(b) *Exception.*—Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if—

"(1) the recipient was selected without any action on his part to enter the contest or proceeding; and

"(2) the recipient is not required to render substantial future services as a condition to receiving the prize or award."

Sec. 74 was included in the 1954 Code "to eliminate some existing confusion in court decisions over whether a prize is income or a gift and would overrule both the Pot O' Gold case (Washburn v. Commissioner, (1945) 5 T.C. 1333) and the Ross Essay Contest case (McDermott v. Commissioner, (C.A.D.C.1945) [80 U.S. App.D.C. 176] 150 F.2d 585) insofar as each held prizes were not income under the 1939 Code". Senate Report—Detailed Discussion of Bill, 1954 U.S.Cong. & Adm.News, p. 4813. That report also supports the following provision of the applicable regulation:

"Prizes and awards which are includible in gross income include (but are not limited to) amounts received from radio and television giveaway shows, door prizes, and awards in contests of all types, as well as any prizes and awards from an employer to an employee in recognition of some achievement in connection with his employment." Reg. 1.74–1 (T.D. 6137, fd. 7–12–55). See 1954 U.S.Cong. & Adm.News, p. 4813.

Taxpayer contends that the $25,000 was a gift or a windfall, which should be excluded from his gross income under sec. 102,[1] and that if sec. 74 should be construed to require the inclusion of such a payment in his gross income, it would be to that extent unconstitutional.

Both sides have filed motions for summary judgment, and have agreed upon a stipulation of certain facts, each side to have the right to produce additional facts. The government has conceded the deductibility of all expenses claimed by plaintiff.

■ There is no genuine issue as to any *material* fact, most of which have been stipulated. Taxpayer refers to some statements in his deposition tending to show that he did not go out to catch Diamond Jim III, but just for a day's fishing, although he admits that he had heard of the prize fish. These statements must be considered in the light most favorable to taxpayer, but they do not avoid the conclusion that defendant is entitled to a summary judgment.

Diamond Jim III was placed in the Bay by the Brewery on June 19, 1958, carrying an identifying tag. Other fish carrying tags calling for smaller prizes were also placed in the water. The rules of the Third Annual American Beer Fishing Derby included:

"5. Except for Diamond Jim I, II, and III, possession of a valid 1958 American Beer Fishing Derby Tag will be considered sufficient evidence of the catch. To claim the prize for Diamond Jim I, II, or III the fish must be exhibited, with the identification tag attached, and an affidavit that the fish was caught on hook and line, to the Fishing Director, American Brewery, Inc., 1700 N. Gay Street, Baltimore 13, Maryland."

Taxpayer caught the fish on August 6, 1958. He and his companions recognized at once that it was the prize fish. Taxpayer complied with the contest rules by taking the fish and the tag to the Brewery, making an affidavit setting forth the circumstances under which the fish had been caught, and executing a release. The $25,000 was promptly paid.

■ It is too clear for serious argument that the payment was a prize or an award within the meaning of sec. 74 of the 1954 Code, and was intended by Congress to be included in taxable income. Taxpayer's contention that catching the fish was a "civic achievement" within the meaning of subsection (b) merits the smile it was no doubt intended to evoke.

■ The payment was not a gift within the meaning of sec. 102 of the 1954

1. Sec. 102 provides: "Gross income does not include the value of property acquired by gift, bequest, devise or inheritance."

Code, quoted in note 1 above. It is true that under the broad language of the 1939 Code, which simply excluded gifts and did not refer to prizes and awards, the courts were not in agreement as to the treatment to be accorded prizes and "giveaways".[2] But in a recent Supreme Court case, Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 1196, 4 L.Ed.2d 1218, Mr. Justice Brennan stated:

> "The course of decision here makes it plain that the statute does not use the term 'gift' in the common-law sense, but in a more colloquial sense. * * * A gift in the statutory sense * * * proceeds from a 'detached and disinterested generosity,' Commissioner of Internal Revenue v. LoBue, 351 U.S. 243, 246, 76 S.Ct. 800, 100 L.Ed. 1142; 'out of affection, respect, admiration, charity or like impulses.' * * *

> " *    *    *    *    *

> "Decision of the issue presented in these cases must be based ultimately on the application of the fact-finding tribunal's experience with the mainsprings of human conduct to the totality of the facts of each case. * * *

> " *    *    * If there is fear of undue uncertainty or overmuch litigation, Congress may make more precise its treatment of the matter by singling out certain factors and making them determinative of the matter, as it has done in one field of the 'gift' exclusion's former application, that of prizes and awards. * * * *"

A footnote added:

> "I.R.C., § 74, [26 U.S.C.A. § 74] which is a provision new with the

1954 Code. Previously, there had been holdings that such receipts as the 'Pot O' Gold' radio giveaway, Washburn v. Commissioner, 5 T.C. 1333, and the Ross Essay Prize, McDermott v. Commissioner, 80 U.S. App.D.C. 176, 150 F.2d 585, were 'gifts'. Congress intended to obviate such rulings. S.Rep. No. 1622, 83d Cong., 2d Sess., p. 178. We imply no approval of those holdings under the general standard of the 'gift' exclusion. Cf. Robertson v. United States, supra [343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237]." 363 U.S. at page 290, 80 S.Ct. at page 1199.

To the same effect is the footnote by Judge (now Mr. Justice) Stewart in Glenn v. Bates, 6 Cir., 217 F.2d 535, at page 536.

■ Taxpayer's constitutional argument—that gifts cannot constitutionally be included in income under the income tax law—fails on two grounds. (1) The payment in question was not a gift. It was a prize, which taxpayer earned by doing certain things (set out in paragraph 5 of the contest rules) in addition to catching the fish. Taxpayer carefully complied with all the conditions of the contest. The prize was not intended as a gift by the Brewery, within the meaning of Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32, or Commissioner of Internal Revenue v. Duberstein, supra, but as a prize in a contest conducted for advertising purposes. (2) Even if it might come within certain meanings of the word "gift", the inclusion of such a gift in taxable gross income, as required by sec. 74, would not be unconstitutional. The income tax statutes have always excluded gifts from gross income, but the courts have never held that the Constitution re-

2. Compare Reynolds v. United States, N. D.Cal., 118 F.Supp. 911; Riebe v. Comm., 41 B.T.A. 935, affirmed 6 Cir., 124 F.2d 399; Sykes v. Comm., 24 T.C. 1156; Solomon v. Comm., 25 T.C. 936; Downes v. Comm., 30 T.C. 396, with Glenn v. Bates, 6 Cir., 217 F.2d 535; Fernandez v. Fahs, S.D.Fla., 144 F.Supp. 630; Lawton v. United States, E.D.Va., 144 F.Supp. 638; Washburn v. Comm., 5 T. C. 1333; McDermott v. Commissioner of Internal Revenue, 80 U.S.App.D.C. 176, 150 F.2d 585. See also Rev.Rul. 61, 1953-1, C.B. 17, providing that a finder of treasure must include its value in his gross income.

quires such exclusion. It is true that the term "income" was given a narrower definition in earlier than in later cases. Compare Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, and Edwards v. Cuba Railroad Co., 268 U.S. 628, 45 S.Ct. 614, 69 L.Ed. 1124, with Brushaber v. Union Pacific R. R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, and Chas. C. Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279. But there is no suggestion in Duberstein or in any of the other decisions cited by taxpayer that it would be unconstitutional to include such a gift—or indeed any gift—in gross income. It is not necessary to decide hypothetical questions in this case. It suffices to hold that the $25,000 payment to the taxpayer was a prize, properly included in his gross income under sec. 74, not excluded by sec. 102, and that such inclusion does not violate taxpayer's constitutional rights.

Counsel will prepare a proper judgment order giving effect to this opinion.