**14**

Frederick W. BONACKER and Norma K.
Bonacker, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. 8319.

United States District Court
W. D. New York.

Dec. 29, 1961.

Cohen, Swados, Wright, Hanifin &
Bradford, Niagara Falls, N. Y. (Paul P.
Cohen and Jay E. Brett, Niagara Falls,
N. Y., of counsel), for plaintiffs.

John T. Curtin, U. S. Atty., Buffalo,
N. Y. (Leonard M. Goldberg, Dept. of
Justice, Washington, D. C., of counsel),
for defendant.

HENDERSON, District Judge.

This is an action for the recovery of
income taxes paid for the year 1953 pur-
suant to a deficiency assessment taxing
as income the fair market value of a
Ford automobile received by Norma K.
Bonacker as a prize at the 1953 National
Convention of the National Sales Execu-
tives Association. The sole question be-
fore the court is whether the prize was
a gift within the meaning of section 22
(b) (3) of the Internal Revenue Code of
1939, 26 U.S.C.A. § 22(b) (3).[1]

The facts have been stipulated by the
parties with the exception of the ques-
tion of Mrs. Bonacker's motivation in
attending the convention and her prior
knowledge of the drawing for the auto-
mobile at the final dinner. The stipulat-
ed facts are incorporated herein by this
reference as the findings of the court.
In addition, the court finds the following
facts on the testimony of Norma K. Bon-
acker.

10. Mrs. Bonacker attended the
Association's national convention in
order to participate in the general
program of the convention with her

---

1. The 1954 Internal Revenue Code pro-
vided for the first time that gross income
includes amounts received as prizes and
awards. This statute is not applicable to
tax liability for years prior to 1954.

husband. She was not aware that prizes would be given at the convention when her ticket was purchased and was not aware that a car would be drawn at the final dinner until she arrived there. It was not part of her purpose in attending the convention or the final dinner that she should thereby become eligible for any door prizes to be given.

■ The determination whether the transfer of the car was a gift is a determination of fact, depending upon a consideration of all of the surrounding circumstances, one of the most important of which is the intent of the transferor. Commissioner v. Duberstein, 363 U.S. 278, 285–86, 80 S.Ct. 1190, 4 L.Ed. 2d 1218, (1960). While the subjective knowledge and intent of Mrs. Bonacker is one factor to be considered, it is not deemed to be controlling.

Although there is no direct proof in the case as to the intention of the Ford Motor Company in giving the gift, the court infers from the facts which are in evidence that the gift was given either as part of an advertising promotion, for the general purpose of obtaining the good-will of the persons at the convention, or as a contribution to the overall success of the convention itself. In any case, Ford did not intend to give it to any person unless that person first, as a prior condition, obtained a ticket entitling her to attend the final dinner of the convention. Mrs. Bonacker satisfied this condition when she obtained a complete series of tickets at a cost of $20.00, entitling her to participate in all of the activities of the convention and to receive all of the benefits available, one of which was the chance to win the Ford automobile. Some part of the purchase price was allocable to this opportunity to win the automobile, since without payment of the price, this opportunity—among others—would not have been available. The case is very similar to Clewell Sykes, 24 T.C. 1156 (1955) in this regard, as well as in the fact that the prize had been provided by a third party for award at the convention rather than by the Association itself.

■■ The plaintiff bears the burden of proving that the Government has improperly collected the tax here involved. Lewis v. Reynolds, 284 U.S. 281 (1932), affirming 48 F.2d 515 (10th Cir. 1931). That burden has not been met, and the defendant must accordingly prevail.

In reaching the decision herein, the court has considered Lawton v. United States, 144 F.Supp. 638 (E.D.Va.1956) and Fernandez v. Fahs, 144 F.Supp. 630 (S.D.Fla.1956), and recognizes that the decision here reached is probably not in accord with those cases. This decision is amply supported by other cases, however, [Clewell Sykes, supra; H. Collings Downes, 30 T.C. 396 (1958); Reynolds v. United States, 118 F.Supp. 911 (N.D.Cal.1954)], and is felt to be in accord with the standards applicable to claims of this sort. Commissioner v. Duberstein, supra, and cases cited.

The clerk is directed to enter judgment in favor of the defendant dismissing the complaint, without costs. So ordered.