CHARLES NEAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neal v. Commissioner
Docket No. 30146-86.
United States Tax Court
T.C. Memo 1988-141; 1988 Tax Ct. Memo LEXIS 169; 55 T.C.M. (CCH) 532; T.C.M. (RIA) 88141; April 5, 1988. Charles Neal, pro se. Nancy Chassman Rothbaum, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 2,264 in petitioner's Federal income taxes for 1983. The issue for determination is whether petitioner is entitled to certain charitable contributions deductions. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated in our findings by this reference. Petitioner was a resident of Jamaica, New York, at the time he filed his petition. On his tax return for 1983, petitioner claimed deductions for alleged donations to the Faith Baptist Church of Hempstead, New York, consisting of a 2-percent interest in the ownership of an invention to measure an arc and a $ 50,000 claim for first prize in a sweepstakes. The amount claimed was $ 11,095, which coincided with 50 percent of petitioner's reported adjusted gross income. Respondent disallowed the deductions. OPINION At the time of *171 trial, petitioner testified that he won $ 50,000 in a sweepstakes conducted by Cheeselovers International, Inc., but that there was a delay in awarding the money. Therefore petitioner directed that the $ 50,000 be donated to his church. Petitioner also testified that he donated to the church an invention that he valued at historical cost. Additional testimony of petitioner suggested that he was the victim of a conspiracy, but this testimony was unclear and appears irrelevant to our determination. Petitioner stated that he had documentation in support of his claims but that he had been unable to locate it. The partial documentation submitted was inconclusive. Petitioner has the burden of proving that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Section 170(a)(1) [1] allows a deduction (subject to certain limitations not relevant here) for charitable contributions made during the taxable year. Section 1.170A-1(c)(1), Income Tax Regs., generally provides that if a charitable contribution is made in property other than money, the amount of the contribution is the fair market *172 value of the property at the time of the contribution. Fair market value is defined as "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both have a reasonable knowledge of relevant facts." Section 1.170A-1(c)(2), Income Tax Regs.
Petitioner presented no evidence from which we can determine the fair market value of the sweepstakes claim that he had or of the interest in a invention that he donated to the church. Because petitioner did not receive the $ 50,000 that he claims to have won, he cannot be said to have made a cash contribution in the amount of $ 50,000. His claimed contribution of a 2-percent interest in an invention is subject to additional requirements concerning contributions of less than an entire interest. Section 170(f)(3)(A). [2] He has not shown that those requirements have been met. *173 Moreover, if petitioner had won $ 50,000 in the sweepstakes, he would be required to report that amount as income before claiming a charitable contribution. Section 74(a); Downes v. Commissioner,30 T.C. 396 (1958); Sykes v. Commissioner,24 T.C. 1156 (1955). A subsequent attempt to assign the winnings to his church would not avoid taxation of the proceeds to him. Lucas v. Earl,281 U.S. 111 (1930). [3] Petitioner did not report $ 50,000 as income. If he had received and reported the $ 50,000 and then donated it to his church, his deduction for the year in issue would still be limited in accordance with section 170(b) to 50 percent of the adjusted gross income. Respondent's determination must be sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the year in issue, except as otherwise noted. ↩
2. (A) In general. -- In the case of a contribution (not made by a transfer in trust) of an interest in property which consists of less than the taxpayer's entire interest in such property, a deduction shall be allowed under this section only to the extent that the value of the interest contributed would be allowable as a deduction under this section if such interest had been transferred in trust. For purposes of this subparagraph, a contribution by a taxpayer of the right to use property shall be treated as a contribution of less than the taxpayer's entire interest in such property. ↩
3. See Schultz v. Commissioner,T.C. Memo. 1977-67↩.