DIANE M. SOLOMON (MRS. DUAINE SOLOMON, FORMERLY DIANE M. FARNSWORTH), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RICHARD AND DOLORETA C. FARNSWORTH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 53830, 53831. Filed January 31, 1956.

*Oscar I. Koke, C. P. A.*, for the petitioners.
*W. M. Basye, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* In these two consolidated cases deficiencies in income tax were determined against petitioners for the year 1952 as follows:

| Docket No. | Petitioner | Deficiency |
|---|---|---|
| 53830 | Diane M. Solomon (Mrs. Duaine Solomon, formerly Diane M. Farnsworth) | $59.00 |
| 53831 | Richard and Doloreta C. Farnsworth | 308.32 |

The petitioners all live in Boise, Idaho, and they filed their income tax returns for the year 1952 with the office of the director of internal revenue at Boise, Idaho.

The facts are all stipulated and are found accordingly.

In May 1952, St. Marys Church of Boise, Idaho, conducted a church bazaar to raise funds for its religious and charitable purposes. In furtherance of this fund-raising effort the said church, through its members in charge of the bazaar, announced that each contributor to the bazaar would be given a ticket-receipt for each $1 contribution made which would entitle the contributor to write upon the face of each ticket-receipt issued to him the name of any person, including the contributor's own name, and upon subsequent deposit of such ticket-receipts with the bazaar officials, would entitle the person whose name appeared on the ticket-receipt to a chance to win various prizes. The winners of such prizes were to be determined by a blind drawing of the ticket-receipts deposited with the bazaar officials. No prize could be won by any person unless his or her name appeared on one of the winning ticket-receipts drawn in said blind drawing.

Richard Farnsworth, father of petitioner Diane M. Solomon (then Diane M. Farnsworth), made contributions in the amount of $30 and received 30 ticket-receipts in connection with the conduct of said bazaar. He wrote the name of his daughter on 10 such ticket-receipts, the name of his wife on 10 other ticket-receipts and the name of his son on the remaining 10 ticket-receipts. These ticket-receipts were delivered to the bazaar officials and were deposited in a receptacle to be used by said bazaar officials in conducting the blind drawing.

Richard Farnsworth did not inform his daugther that he had written in her name on 10 ticket-receipts and had delivered and deposited them as hereinabove described, and she had no knowledge thereof.

In the subsequent blind drawing conducted May 3, 1952, a ticket-receipt bearing the name of his daughter was drawn for one of the prizes and she was declared the winner of a United States savings bond. She accepted the United States savings bond and it was presented to her by the officials of the bazaar. It is admitted the fair market value of the bond was $750. Neither Diane nor her father reported the receipt of this bond as taxable income for the year 1952.

At the outset, petitioners in both cases question the validity of the deficiency notice, pointing out that the notices in Docket No. 53830 and in Docket No. 53831, both determine liability for the same item of income, namely, the $750 United States savings bond. This comes about by reason of the position of the Commissioner that the bond constitutes gross income to Diane, the recipient, who is the petitioner

in Docket No. 53830, or to her father, the original purchaser of the ticket, who, with his wife Doloreta, are petitioners in Docket No. 53831. The argument of petitioners in both cases is that the notices are "self-conflicting," and hence, no true deficiency was determined for either taxpayer. Petitioners cite no authority. Counsel for respondent conceded at the hearing the bond should not be taxed to the petitioners in both cases. The contention goes to the jurisdiction and this is determined by what appears in the notices. They appear to be valid determinations of deficiencies and as such, jurisdiction is secured. Once gained, it is not lost by subsequent testimony or concessions showing the deficiency item was the same in both cases. We hold there is no merit in petitioners' first contention with respect to the validity of the deficiency notices.

In Docket No. 53830, Diane Solomon argues the receipt of the prize (a $750 bond) from a blind drawing conducted by a church bazaar was not the receipt of $750 taxable income. Respondent's position is that the scheme by which prizes were distributed by chance among persons who had paid a consideration for a chance to win them constitutes, in essence, a lottery. There is much authority supporting the Commissioner's position that prizes won in lotteries constitute taxable income under section 22 (a) of the Internal Revenue Code of 1939. See *Max Silver*, 42 B. T. A. 461; *Samuel L. Huntington*, 35 B. T. A. 835; *Christian H. Droge*, 35 B. T. A. 829. The cited cases are Irish Hospitals' Sweepstake cases but we see no material difference in the scheme of the sweepstakes and the plan in the instant case. In both cases the chance to win is confined to those who buy tickets or their nominees. In the *Silver* case, the sweepstake tickets were purchased by a friend of Max Silver in his name and given to Max Silver and his wife. This case is particularly applicable in answer to a portion of Diane Solomon's argument where she seems to contend the bond was actually a gift from her father, who bought the ticket and put her name on it. In the *Silver* case, it is stated:

Petitioner makes the somewhat novel contention that, since the tickets were acquired by gift, the prize money is exempt from taxation also. * * *

In this we think petitioner is in error. All that he and his wife received by way of gift was a ticket costing approximately $2.50. It thereupon became part of their capital. When the race was run, prize money was realized on a capital asset acquired by gift, and it constituted income taxable * * * under the express language of section 22 (b) (3) of the Revenue Act of 1936, * * *

In *Reynolds* v. *United States*, 118 F. Supp. 911, a newspaper subscriber was held to have won an automobile in a contest open only to subscribers. The subscriber's maid complied with the rules of the

contest on the subscriber's behalf, unknown to him, and she accepted the automobile on his behalf. It was held the value of the automobile was income to him.

The *Max Silver* and *Reynolds* cases were cited with approval and followed in *Clewell Sykes*, 24 T. C. 1156. There, too, the winner of the prize had received the winning ticket by way of gift from the purchaser of the ticket and we held the winner's acceptance of the prize (an automobile) constituted income to him.

The major portion of Diane Solomon's argument is devoted to the contention that since the prize was awarded by a charitable and religious organization, namely, a church bazaar, rather than some commercial concern, it cannot be taxable income to the recipient. No authority is cited that would support such a distinction. It is the nature of the scheme or plan to award a prize by chance to one who has paid a consideration for that chance that determines whether the prize is taxable income, and not the nature of the organization that conducts the plan and makes the award. If the plan or scheme falls within the definition of a lottery, it is not rendered something else because conducted for a charitable or religious purpose. And the recipient of a lottery prize does not receive tax-free income because the sponsors conducted the lottery for a worthy purpose.

Effective delivery of the ticket was made when the ticket, with Diane's name thereon, was deposited in the pool. Besides, Diane Solomon accepted the gift of the ticket and ownership of it when she presented herself for the prize and accepted the prize. Under the whole record we hold Diane Solomon received taxable income in the amount of $750.

The foregoing holding disposes of the portion of the case against the petitioners in Docket No. 53831, where $750 was held to be income of Diane Solomon's parents. The respondent concedes it would not be the father's income, if it be held income to his daughter.

There is one more issue in Docket No. 53831. Petitioners took a dependency exemption credit provided for in section 25 (b) (1) (D), 1939 Code, with respect to their daughter Diane for the year 1952. Diane's income tax return for 1952 showed she received $200 salary from the Independent School District of Boise, Idaho. Since her income, as determined herein, was more than $600 for that year, the petitioners in Docket No. 53831 are not entitled to that credit.

*Decisions will be entered under Rule 50.*