THOMAS J. PAUL, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paul v. Commissioner
Docket No. 17097-91
United States Tax Court
T.C. Memo 1992-582; 1992 Tax Ct. Memo LEXIS 612; 64 T.C.M. (CCH) 955; September 29, 1992, Filed *612 Decision will be entered for respondent. For Thomas J. Paul, Jr., pro se. For Respondent: Deborah Y. Clark. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1988 in the amount of $ 266, and an addition to tax for negligence pursuant to section 6653(a)(1) in the amount of $ 8. The issues for decision are: (1) Whether proceeds petitioner received as a result of winning the New Jersey State Lottery are includable in his gross income; (2) if so, whether such proceeds are includible in his gross income for the year in issue; and (3) whether petitioner is liable for an addition to tax for negligence in the amount of $ 8 for the year in issue. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner's legal address was in Paterson, *613 New Jersey, at the time his petition was filed. Petitioner owned a winning lottery ticket drawn for the New Jersey State Lottery of December 29, 1987. Petitioner's winning ticket entitled him to a prize in the amount of $ 1,087.50. On December 30, 1987, petitioner obtained a validation stub and a prize claim form at the site where he purchased the lottery ticket. That same day, following New Jersey State Lottery instructions, petitioner completed the claim form (attaching to it both his winning lottery ticket and the validation stub) and mailed it to Trenton, New Jersey, for redemption of his winnings. New Jersey does not permit lottery winnings exceeding $ 599 to be redeemed at ticket sales locations. In January 1988, petitioner received from the State of New Jersey a check in the amount of $ 1,087.50 in payment of his valid lottery claim. The check was dated January 22, 1988. Petitioner did not report his lottery winnings on his 1988 return or on any other return. Respondent contends that petitioner should have included the New Jersey State Lottery winnings in his gross income for taxable year 1988. Petitioner contends that lottery winnings are not taxable income. In *614 the alternative, petitioner argues that the lottery winnings should have been included in his gross income for taxable year 1987. Petitioner bears the burden of proving that respondent's position is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Based on the record in this case, we agree with respondent. Generally, "gross income" means all income from whatever source derived. Sec. 61; Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). Lottery proceeds are clearly within the purview of this general definition. See Anastasio v. Commissioner, 67 T.C. 814 (1977), affd. without published opinion 573 F.2d 1287 (2nd Cir. 1977); Solomon v. Commissioner, 25 T.C. 936 (1956); Rusnak v. Commissioner, T.C. Memo. 1987-249. Accordingly, since petitioner won $ 1,087.50 from playing the New Jersey State Lottery, he must include that amount in his gross income. Respondent contends that petitioner must include the lottery winnings in gross income for taxable year 1988 since he received the *615 proceeds during that year. Petitioner acknowledges actual receipt of the lottery winnings in 1988, but argues that he constructively received them in taxable year 1987. Checks are considered income to cash basis taxpayers in the year of actual receipt, unless constructively received in an earlier year. Lavery v. Commissioner, 158 F.2d 859 (7th Cir. 1946), affg. 5 T.C. 1283 (1945); Gillis v. Commissioner, T.C. Memo. 1960-71. The doctrine of constructive receipt is a legal concept based on the principle that a taxpayer may not deliberately turn his back on income and thereby manipulate the proper year in which to report it. Price v. Commissioner, T.C. Memo. 1963-172. The crux of constructive receipt is "essentially unfettered control" by the taxpayer over the date funds are actually received; that is, control not subject to any substantial limitation or restriction. Hornung v. Commissioner, 47 T.C. 428, 434 (1967); Johnson v. Commissioner, 25 T.C. 499 (1955); sec. 1.451-2(a), Income Tax Regs.
Petitioner *616 contends that he constructively received the lottery winnings in taxable year 1987 because he won them on December 29 of that year. Petitioner argues that rather than mailing his claim form, he could have driven to Trenton, New Jersey, on either December 30 or 31, 1987, filed his claim with the Lottery Commission directly, and walked away with a check for the lottery winnings that same day. There is no reliable evidence in the record supporting this contention, and we are unconvinced that petitioner had such unfettered control over the date of actual receipt of the lottery funds. The only way for petitioner to support his position in this case is to demonstrate conclusively that he could have claimed his prize within 2 days under New Jersey law. Petitioner cites no New Jersey law supporting his position, and our own research has uncovered none. Petitioner's only evidence supporting unfettered control of the lottery winnings is his own naked opinion that he could have been paid "on the spot" had he driven to Trenton by the year's end. This self-serving testimony is insufficient to overcome petitioner's burden of proof. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). *617 In any event, even assuming arguendo that under New Jersey law petitioner actually could have obtained a check for the lottery winnings by appearing in person at the Lottery Commission and claiming them, we conclude that such action would be considered a substantial limitation or restriction on petitioner's control of the lottery funds. Trenton, New Jersey, is located 68 miles from petitioner's legal address. We will not confront taxpayers with the choice of traveling long distances to claim funds or face application of the doctrine of constructive receipt. The fact that petitioner would like the doctrine to apply to this case and that traveling 68 miles would not have been a burden to him is irrelevant; if such travel is necessary in order to prove entitlement to and obtain funds in a current taxable year, we consider the requirement a substantial limitation affecting unfettered control. Accordingly, we conclude that petitioner should have reported the lottery winnings in taxable year 1988. We now consider whether petitioner is liable for an addition to tax under section 6653(a)(1). Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any *618 part of any underpayment is due to negligence or disregard of rules or regulations. Negligence has been defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would due under the circumstances. Crocker v. Commissioner, 92 T.C. 899, 916 (1989); Neely v. Commissioner, 85 T.C. 934, 947-948 (1985). Respondent's determination of negligence is presumed to be correct, and petitioner has the burden of proving that the determination is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). It is clear from the record that petitioner was negligent for the year in issue in failing to report his winnings from the New Jersey State Lottery on his 1988 return. Petitioner presented no reasonable argument as to why lottery winnings are not includible in gross income, and no evidence beyond self-serving statements to support his alternative contention that the lottery winnings in issue were includable in 1987, rather than 1988. In essence, petitioner has not attempted at all to carry his burden to prove that he was not negligent, having *619 provided no evidence to support his actions as being reasonable, prudent, or showing due care. Accordingly, petitioner is liable for the addition to tax for negligence. Allen v. Commissioner, T.C. Memo. 1982-93. Decision will be entered for respondent.