**Jobino FERNANDEZ and Gloria A. Fernandez, Plaintiffs,**

**v.**

**John L. FAHS, formerly Collector of Internal Revenue for the District of Florida, Defendant.**

**Civ. No. 2655.**

United States District Court
S. D. Florida, Tampa Division.

March 15, 1956.

Michel G. Emmanuel of Mabry, Reaves, Carlton, Fields & Ward, Tampa, Fla., for plaintiffs.

Frank J. Muscarella, Jr., and Richard Kelly, Asst. U. S. Attys., Tampa, Fla., for defendant.

WHITEHURST, District Judge.

### I. The Pleadings.

Action brought by Jobino Fernandez and Gloria A. Fernandez as Plaintiffs v. John L. Fahs, formerly Collector of Internal Revenue for the District of Florida to recover income taxes alleged to have been erroneously and illegally collected from plaintiffs by defendant.

Plaintiffs allege in their complaint that during the calendar year 1948 they received a new automobile as a prize while attending a baseball game in the city of Tampa, Florida. They filed a joint income tax return as husband and wife for the calendar year 1948 in which they disclosed the receipt of the automobile but contended that it was excludable from gross income as a gift.

The Commissioner of Internal Revenue, as the result of a review and audit, determined a deficiency against the plaintiffs upon the ground that the value of the automobile constituted taxable income to them. Plaintiffs paid the deficiency asserted, together with interest, filed a timely claim for refund and upon the expiration of six months without action upon their claim, bring this suit for refund of the tax previously paid.

Plaintiffs contend that the collection of the tax by the defendant acting as Collector of Internal Revenue was erroneous and illegal upon grounds that the automobile received by them as a prize was

not income to them and not taxable under Chapter 1 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 1 et seq., inasmuch as plaintiffs furnished no capital and performed no services in order to receive said automobile, doing nothing they would not have done without the expectancy of receiving a prize. Plaintiffs contend that the automobile was a gift to them by the owners of the Tampa Smokers Baseball Team and was not taxable income.

The defendant denies the allegations of the complaint pertaining to the grounds upon which the refund is claimed.

It was stipulated by the parties before the Court that the sole issue for determination by the Court is whether the receipt of the automobile as a prize was taxable income or a gratuity.

## II. Findings of Fact.

During the 1948 baseball season the Tampa Smokers, a baseball club in Tampa, Florida, in an effort to increase attendance at their home games, advertised that they would give away a 1948 Dodge automobile on or about September 1, 1948. This automobile was displayed on the downtown streets of Tampa and at the ball park with a sign that it was to be given away to a fan as the result of a drawing of numbered tickets. In order to be eligible to participate, a fan was required to purchase a ticket to one of the home games at the regular admission fee, for which he received an admission ticket, a numbered two-part card and a rain check. He was required to tear the two-part numbered card in two and place one half of the card in a revolving depository, retaining the other half. In order to win, a participant must have been present at the game on the night of the drawing. If the participant's number was drawn from the revolving container he was given five minutes to produce his remaining half of the winning ticket.

Plaintiff Jobino Fernandez is an avid baseball fan. In or about the year 1946 when organized baseball was re-established in Tampa, he commenced the practice of attending almost every home game the Smokers played. During the 1948 baseball season he attended approximately 65 of the 77 home games, as well as others played in nearby communities. When the Smokers played in Havana, Cuba he listened to the games on the radio. During the 1947 and 1949 seasons he attended substantially the same proportion of home games.

On the evening of August 16, 1948 the plaintiff was in attendance at the game following which the automobile was to be awarded. Immediately after the completion of the game, the drawing was commenced and a number corresponding to one of the tickets in his possession was drawn. He went to the front of the stands, his name was announced as the winner and he was presented with the keys to the automobile. He drove the car off.

Fernandez testified that he would have attended the same number of games regardless of whether or not a prize had been offered. He did not subsequently perform any services for the ball club nor for the owners of the club. He was not asked to appear on the radio, to have his picture taken or to make any testimonial on behalf of the ball club.

The price charged for all tickets to home games played in Tampa was the same as those charged in other ball parks throughout the league and no addition was made to the price by reason of the fact that a car was to be awarded some time during the season.

Neither of plaintiffs performed any services nor invested any capital as consideration for the receipt of the automobile.

## III. Conclusions of Law.

The question for determination is whether the receipt by the plaintiffs of the automobile which was advertised as to be given away to a fan in attendance at the baseball game on August 16, 1948 was taxable income under Section 22(a)

of the Internal Revenue Code of 1939 or a gratuity and excludable from gross income as a gift under Section 22(b) (3) of the 1939 Code.

It is noted that the 1954 Internal Revenue Code, through the enactment of Section 74, subjects to tax all prizes and awards regardless of whether the recipient was selected without any action on his part and is not required to render substantial future services. It is clear from the Senate Committee Report dealing with Section 74 that it was the intent of Congress that the new Section operate prospectively only and is not declaratory of prior law.

In the instant case the plaintiff, Fernandez, did nothing that he would not have done had no prize been offered. He attended almost all of the home games and even journeyed to nearby cities to see his team play there. When the team played in Havana, Cuba he listened to the games on the radio. During the year prior to 1948 he attended nearly as many games and during the subsequent year 1949 he continued to attend almost all of the games played at home. The purchase price of tickets to the game was not increased by reason of the fact that an automobile was being offered sometime during the season as a prize. Fernandez paid the regular admission price to the games to see baseball played and not in the expectation of receiving a new automobile.

The placard displayed with the automobile at the baseball park stated that the car would be "given away" to a baseball fan. This language has an important bearing on the outcome of this case.

In a similar factual situation the Court of Appeals for the Sixth Circuit stated:

"In the present case, there was no contest involved, no labor, no skill, no 'personal service' on the part of the taxpayer. The dealer's advertisement said a new Ford automobile would be 'given away' on a certain date. It was not error for the district court to conclude that

that was exactly what happened." Glenn v. Bates, 6 Cir., 1954, 217 F.2d 535, 536.

Plaintiffs received the automobile as a gift and not as taxable income. Judgment will be entered for the plaintiffs.